(94 South. 521)

ADAMS v. SMITH et al.    (6 Div. 657.)

(Supreme Court of Alabama.    Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

1. Vendor and purchaser ☜95(2)—Nonpayment of amounts due held waived by vendor's agreement to lease for vendee's benefit.

Vendee's failure to pay certain amounts due under the contract, including municipal assessments, held waived by vendor's agreement to take charge of and lease the property for vendee's benefit and devote collections to the liquidation of his indebtedness, all of which was done.

2. Vendor and purchaser ☜95(2)—Vendor could treat contract as subsisting despite delay in payments, where course of dealing indicated no forfeiture would be declared.

Where the whole course of dealing between vendor and vendee prior to the date of an alleged forfeiture by the latter was calculated to impress him with the idea that no forfeiture would be declared for delay in payments, he had the right to treat the contract as still subsisting.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by W. W. Adams against N. B. Smith and another. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

J. L. Drennen, of Birmingham, for appellant.

The failure to pay at maturity all the notes was waived by the respondent by taking payments subsequent to maturity. 89 Ala. 402, 8 South. 114, 18 Am. St. Rep. 126; (Ala.) 39 South. 581; 185 Ala. 71, 64 South. 55; 199 Ala. 470, 74 South. 439; 75 Ala. 109; 128 Ala. 221, 29 South. 640. Equity abhors forfeitures, and looks through mere form to the substance of the contract. 201 Ala. 70, 77 South. 364; 203 Ala. 87, 82 South. 101; 75 Ala. 109; 185 Ala. 71, 64 South. 55; 201 Ala. 321, 78 South. 160, 11 A. L. R. 419.

Powell & Powell, of Birmingham, for appellees.

The contract was not a contract to sell, complainant not having agreed or bound himself to buy. 153 Ala. 452, 44 South. 841. Since the complainant could not be compelled to perform, there was no mutuality of contract, and he cannot maintain a bill for specific performance. 151 Ala. 150, 43 South. 854. The demurrers take the point that the bill was without equity, and the failure of complainant to offer to pay what is due, and were properly sustained. 205 Ala. 157, 87 South. 543; 203 Ala. 336, 83 South. 60; 206 Ala. 445, 90 South. 300; 205 Ala. 665, 89 South. 57.

SAYRE, J. This bill was filed by appellant seeking relief by way of a decree in the nature of a decree for the specific performance of a contract by which appellee agreed to convey the property in dispute upon the completion of payments distributed over a considerable period. The original contract was dated August 12, 1915. The parties entered into a substituted or renewal contract August 12, 1918. Stipulated payments were denominated rents in both papers, but, looking through form to substance, it is apparent that the contract was for the sale of the property, with proviso that in the event of appellant's failure to pay any one of the installments as scheduled appellee should have the right, without notice or prior demand, to re-enter and annul the lease so-called, whereupon installments paid should go as rent. That some payments were not made is not denied. But appellant claims a waiver, and the question thus presented has had attentive consideration. On February 17, 1920, appellant executed a paper writing in words and figures as follows:

"To Whom. It may Concern: This to certify I have this day sold my contract to N. B. Smith. Feb. 17, 1920. [Signed] W. W. Adams. Witness: B. K. Haywood."

And afterwards appellee negotiated a sale of the property to the defendant Rosser for a sum which would have realized to him a large profit on the property, which appellant had greatly improved during the admitted life of the contract. Appellee's contention is that a few days previously he had notified appellant by mail of his (appellee's) declaration of forfeiture, while appellant insists that the writing he signed on that occasion was intended by him merely as authority to appellee to sell his interest in the property for their joint benefit, appellee to have first the balance due to him, the rest to go to appellant—to confer upon appellee freedom of action to that end. Appellant denies receipt of the alleged notice of forfeiture, of which appellee kept no copy—at least none is offered in evidence. At the interview of February 17, 1920, there were present the contending parties to this cause—Rosser, who purchased from appellee, is a party, but makes no contention, calling only for strict proof—and B. K. Haywood, appellee's stenographer, who testifies, in agreement with him, that the notice was mailed and the agreement executed as noted above. Noting that the paper writing in question, as a deed of conveyance, lacks the support of a consideration, recited, paid, or agreed upon, that it does not purport to confirm the forfeiture alleged, but in form tends to corroborate appellant's version as to the intent of what was then and there done, the court is of opinion that previously existing causes of forfeiture had been waived—this on undisputed facts—and that appellant did not on that occasion intend to acknowledge a cause of forfeiture or otherwise dispose of his interest in the property; in short, that appellant is entitled to the relief prayed.

[1] It is true that on the date referred to various municipal assessments upon the property for local improvements were due, and the payment of such assessments, according to the face of the renewal contract, which, as legally interpreted, now defines the rights of the parties, was made one of the conditions upon which appellant was to have a conveyance. Two of them, however, the two levied by the town of Graymont prior to its absorption by the city of Birmingham, were due at the date of the renewal agreement, but had not been insisted upon to the extent of proceedings for their collection, so that, as to them, time was not of the essence of appellant's obligation, and delay in payment of them could not be made the cause of peremptory forfeiture of the right to pay such as, according to his testimony, appellant sought when he went to appellee's office February 17, 1920. As for the assessment by the city of Birmingham for sanitary water-closet, it was not within the strict terms of the contract, which provided that appellant should pay "all taxes * * * and all assessments for street and sidewalk improvements," and after this assessment had been made final appellee entered into an agreement with appellant by which the former was to take charge of the property and lease it for the latter's benefit, agreeing to devote collections to the liquidation of appellant's indebtedness, after reserving to himself a percentage as a commission for his services in that behalf,. all of which was done, and for aught appellant knew was in process of doing, at the time of the alleged forfeiture, thereby waiving as cause of forfeiture appellant's failure to pay this assessment when due, and vesting in appellant rights in respect thereto similar to those which affected the failure to pay the Graymont assessments.

[2] The same consideration must, we think, work a waiver as to appellant's failure to pay on the nail certain amounts due to appellee under the renewal agreement, and as to one of them appellant is entitled to the further consideration that it was overdue by only a few days, whereas the contract provided that, after the lapse of a year—the contract being then in its second year—appellant should not suffer a forfeiture unless and until he was in arrears for as much as three months. In fine, the whole course of dealing between the parties, prior to the date of the alleged forfeiture, was calculated to impress appellant with the idea that no forfeiture would be declared on account of delay in payments. This conclusion rests upon practically undisputed testimony. In these circumstances appellant had the right

on the date in question, as for anything that had previously occurred, to treat the contract as a subsisting contract of purchase; appellee standing in the relation, substantially, of a mortgagee. Eason v. Roe, 185 Ala. 71, 64 South. 55; Rose v. Woods (Ala. Sup.) 39 South. 581.

The decree will be reversed, and the cause remanded for a decree adjudging the rights of the parties in accordance herewith and ordering a decree of reference to ascertain the amount due from appellant to appellee under their contract. The rights of the defendant Rosser have not been adjudicated. She will be afforded an opportunity to plead as she may be advised.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes