235 So.2d 647

**Paralee HILL et al.**

v.

**J. P. TAYLOR.**

**7 Div. 844.**

Supreme Court of Alabama.

May 15, 1970.

———◆———

Rains, Rains & McCurley, Gadsden, for appellants.

Roy D. McCord, Lusk, Swann, Burns & Stivender, Gadsden, for appellee.

SIMPSON, Justice.

This case arises out of the following facts.

On August 15, 1963, appellant Paralee Hill executed a mortgage to Homeowners Mortgage Company, Inc., to secure a debt of $6,251.95 with interest at the rate of 6% per annum. The mortgagor testified that she received from the mortgage company $4,000.00. The mortgage covered the property which is the subject of this suit.

Thereafter on the 13th of October, 1964, Mrs. Hill entered into a new contract with the assignee of the mortgagee, Southeastern Fund, a corporation, under which the original mortgage was cancelled. At this time Mrs. Hill executed a deed to the property to Southeastern Fund and the parties executed a contract for the purchase of the land, whereby it was agreed that Mrs. Hill could re-purchase her property upon the payment of $91.94 per month for 120 months. This deed was recorded.

Mrs. Hill had lived on the property involved all of her life, having been born there. It was her testimony that she paid on the mortgage for about a year. She continued to pay taxes on the property.

On January 28, 1966, the property was deeded to John W. Brown by North American Acceptance Corporation, which had merged with Southeastern Fund; and the contract between North American Acceptance Corporation, the successor to Southeastern Fund through merger, and Paralee Hill was transferred to Brown. This deed and assignment were recorded.

The evidence indicated that Brown paid $5,500.00 for the property and contract.

On February 28, 1967, Brown executed a warranty deed to the property to appellee J. P. Taylor for a consideration of $2,000.00 and a mortgage in favor of Brown in the amount of $2,500.00, which mortgage was subsequently paid on March 30, 1967.

Sometime after March 31, 1967, Mrs. Hill tendered to Taylor $100.00, which was refused.

This lawsuit was commenced by an action of ejectment brought by Taylor against Mrs. Hill (and other tenants on the land) May 30, 1967.

The appellants here, who were the defendants in the ejectment action, filed a motion to transfer the cause to the equity side of the court. This motion was granted. Thereupon they filed a bill in which it was alleged that Paralee Hill had conveyed the property in question to North American Acceptance Corporation and had entered into a contract with North American Acceptance Corporation on the 13th day of October, 1964, which provided for the sale of the property to her upon payment of the amounts provided for therein; that thereafter the property had been conveyed to John W. Brown and the contract for the sale and purchase of the land assigned to him. The deed to Brown and the assignment were on record in the office of the Judge of Probate. The bill further alleged that on February 28, 1967 the property had been transferred to J. P. Taylor, and that

Taylor had constructive, if not actual, notice of the sale contract. The bill further alleged that Paralee Hill had been in possession of the real estate for many years, paid taxes on it each year, etc.

The bill alleged that Paralee Hill had paid a sum equal to the amount of the payments as set out in the contract, and that she was able to continue to make the payments, that she had tendered to Taylor $100.00 "to bring the payments current up to the date of the offer and that the amount was past due at the time because she had been unable to contact the defendant."

The complaint further alleged that by reason of the sales contract, she was entitled to exercise her right to make payments, or to pay the full contract price and when paid to obtain a deed from the defendant in the cause and she offered to do equity in that she will either bring the payments up to date and continue to pay them, or to pay the full amount found by the court to be due, which, according to Paralee Hill, was $4,500.00.

The complaint asked the court to make a determination that she had a right by virtue of the sale contract to complete the purchase of the property from Taylor by paying the balance of the purchase price; and further that the court determine the amount due under the contract.

The appellee Taylor relied upon his warranty deed from Brown, contending that he knew nothing about any sale contract at the time he purchased the land from Brown.

The court entered a decree in favor of Taylor, holding that Paralee Hill, Etta Smith, and Floyd Martin have no interest or title in the property involved.

The effect of this decree was to find in favor of Taylor in his ejectment action. The court awarded no damages for detention.

■■ The effect of this decree must be that the court found that Taylor was a bona fide purchaser for value and took perfect title from Brown under the warranty deed. The facts do not support this finding.

It has long been established that when one purchases property with notice of an interest of another in such property, then the purchaser takes the property subject to the interest of the third person. Such notice, according to our cases, could be " 'actual or constructive, or knowledge of facts sufficient to put a reasonable person on notice, which, if followed up, would have discovered * * * ' " the interest of the third party. Shubert v. Lacy, 257 Ala. 629, 60 So.2d 442; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Stone v. Lacy, 245 Ala. 521, 17 So.2d 865; Hatter v. Quina, 216 Ala. 225, 113 So. 47; Ely v. Pace, 139 Ala. 293, 35 So. 877; Alexander v. Fountain, 195 Ala. 3, 70 So. 669.

Here the appellee took title from Brown. There was on record the following assignment of the contract to purchase between Paralee Hill and Southeastern Fund (which became through merger North American Acceptance Corporation):

"For valuable consideration received, the receipt whereof is hereby acknowledged, the undersigned, North American Acceptance Corporation, a Georgia corporation, does hereby grant, bargain, sell, transfer and convey to John W. Brown all of its right, title and interest in and to the following:

"That certain contract between the undersigned and Paralee Hill dated October 13, 1964, for the purchase of real estate located in Etowah County, Alabama, which said real estate is specifically described in deed from Paralee Hill to Southeastern Fund, a corporation, dated September 10, 1964, and recorded in Book '982', page 65, Probate Office, Etowah County, Alabama."

In addition to this recorded assignment to his grantor, which surely would have been revealed by a title search, and which surely under our cases is sufficient to put one on notice, the appellee testified himself

that on the day he purchased the property, he was aware that Paralee Hill lived on the property, and had known so for quite some time.

We believe that the fact that the assignment was on record showing the existence of a contract for the sale of the land involved was sufficient to put appellee on notice of the equities held by Mrs. Hill under that contract. It has frequently been pointed out in our cases that "It is an established rule of this court that equity as well as law charges a party with such knowledge as is gained by an inspection of the record as provided or suggested by ordinary prudence." Sisson v. Swift, 243 Ala. 289 (301), 9 So.2d 891; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 544, 54 So. 685.

Here the appellee admitted that he knew that Mrs. Hill had long been in possession of the property, he knew she was in possession of it at the time he took the deed from Brown. It was not disputed that Mrs. Hill had paid taxes on the land for more than 30 years, and a title search would have revealed that a contract for the sale of this land was in existence in favor of Mrs. Hill. These facts defeat appellee's contention that he was a bona fide purchaser of this land without notice of the claim asserted by Mrs. Hill. We think all of these facts were sufficient to charge the appellee with knowledge which due inquiry would have revealed, such facts being sufficient to have led an ordinarily prudent purchaser to inquire. Dewyer v. Dover, 222 Ala. 543, 133 So. 581. Surely these facts supplied appellee with sufficient information to stimulate inquiry, and having failed to do so, he is not under our cases a bona fide purchaser without notice. In fact, his knowledge alone that Mrs. Hill was in possession was, under Alabama law, sufficient to charge him with notice of the nature of her claim to possession. Alexander v. Fountain, 195 Ala. 3, 70 So. 669.

Since the record will not support the conclusion that appellee took title to the land involved without notice of the contract for the sale of that land to appellant, Paralee Hill, it follows that he took title subject to her rights under the contract. He took only the interest which his grantor had, incumbered with every equity to which the grantor's interest was subject.

■ The only remaining basis upon which the trial court's decree finding that Taylor was the legal owner of the property and entitled to the immediate possession of the same would have to be a conclusion that the rights of Paralee Hill under the contract had been forfeited.

The contract contained the following provision:

"Time being of the essence in this Contract, and in the event that the Purchaser shall fail for any reason to pay the stated monthly installments (non-payment of one such installment by the Purchaser, on or before its due date, may be deemed a failure under the terms of this instrument), in the manner hereinbefore provided for, all payments made by the Purchaser to the Seller and duly applied to the purchase price, shall be forfeited to the Seller and may be retained by the Seller as liquidated damages and rent, and the Purchaser shall have no right to receive back such payments or any part thereof, and the Seller shall have the right to re-enter and take possession of said property upon ten days notice with or without legal process * * *."

The undisputed facts in this case are that Taylor's predecessor, Brown, accepted a payment in the amount of $70.00 from Paralee Hill some 15 days before the conveyance of the property by Brown to Taylor. As indicated earlier in this opinion Taylor had notice of the existence of the contract, which means that he stands in exactly the same position as does Brown. The essential question is, therefore, has Paralee Hill's delinquency in making payments under the contract worked a forfeiture of her rights thereunder? We

think not. In construing an identical clause in a contract for the sale of land, the court in Gatewood v. Hughes, 214 Ala. 674, 108 So. 562, said:

"The bill is in the nature of one for specific performance of an executory contract for the sale of lands on long-term installments, with stipulation that time is of the essence of the contract, and, upon default in payment of installments, the contract, at the option of the vendor, is to be forfeited, and all payments made to be retained as liquidated damages."

In that case the contention was made by the vendor that the purchaser had defaulted and that a forfeiture had been worked. The evidence showed that over a long period of time the vendor had accepted part payments. The court said:

"That forfeitures are not favored in equity, and may be waived by continued recognition and receipt of part payments after ground of forfeiture, is a well-recognized equitable doctrine."

In this case the evidence is undisputed that every payment made by Paralee Hill had been accepted by North American Acceptance Corporation and by its assignee, Brown, and further that infrequently, if at all, did Paralee Hill pay the precise amount called for in the contract. In some months she paid more than the installment called for; in others she paid less. However, at no time was any objection made to the fact that the payments submitted were not in the precise amount called for by the contract. The evidence tends strongly to show that North American Acceptance Corporation and Brown treated the contract as continuing in force. To the extent that neither North American Acceptance Corporation nor Brown ever insisted upon payments in the precise amount called for under the contract, they treated Mrs. Hill with leniency. They accepted installment payments on the contract when they were past due. They consistently accepted partial payment on the installments. The

facts and circumstances were obviously calculated to lead Mrs. Hill to believe that strict performance of the agreement was not required. Clearly under our cases, therefore, she was not in default and the contract was not forfeited at the time of the conveyance from Brown to Taylor. See Murray v. Webster, 256 Ala. 248, 54 So.2d 505.

The real issue in the case on the question of default is not whether Paralee Hill was in technical default at the time of the conveyance by Brown to Taylor, but rather whether her failure to make payments precisely as provided for in the contract worked a forfeiture. In Adams v. Smith, 208 Ala. 498, 94 So. 521, it was held that no forfeiture was worked where on the evidence the court found that the whole course of dealing between the parties prior to the date of the alleged forfeiture was calculated to impress the appellant with the idea that no forfeiture would be declared on account of delay in payment. The same is true here. The vendee, Mrs. Hill, under the evidence, having consistently made payments, some of which were late, and which were in many instances less than the amount of the monthly installments called for under the contract, sometimes making semi-monthly payments, never encountered any objection, all payments at all times being accepted, was justified in treating the contract as a subsisting contract of purchase. See also Eason v. Roe, 185 Ala. 71, 64 So. 55; E. Rose & Co. v. Woods (Ala.), 39 So. 581. Brown so treated it just 15 days before the conveyance to Taylor. Taylor is therefore bound by his predecessor, who treated the contract as a subsisting one 15 days before the conveyance to Taylor.

It follows, therefore, that the case must be reversed and remanded for a determination of the balance due under the contract.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.