Plaintiff appeals from the trial court's entry of partial summary judgment in favor of defendant Ethel Hogg Dodd in a suit to set aside a conveyance of real property.
Plaintiff brought a prior suit against Ted Barnett for breach of contract. While that suit was pending, Barnett conveyed the property at issue in the present case to his wife, Sheryl Barnett, for "One Dollar and all other good and valuable consideration." The deed was executed on August 4, 1981, and was recorded on January 5, 1982.
On November 10, 1982, plaintiff obtained a judgment against Barnett for $17,035. A certificate of judgment was recorded in the probate judge's office. Plaintiff filed a notice of lispendens on November 16, 1982, which stated that suit had been filed against Ted Barnett and that when a judgment was obtained it would constitute a lien on his property. The notice gave a legal description of the realty and provided: "Further, your plaintiff does allege that in his best belief, the Defendant, Ted Barnett, did fraudulently convey the above described property to his wife by deed recorded in Real 2148, Page 583, and said Plaintiff does intend to seek Equitable relief to set aside said conveyance." The lis pendens notice did not state that a judgment had already been obtained against Barnett, nor did it refer to Sheryl Barnett by name.
Two days after filing the notice of lis pendens, plaintiff filed the present suit against Ted and Sheryl Barnett to set aside the conveyance. On November 25, 1983, Sheryl and Ted conveyed the property to defendant Dodd by a deed which was recorded on November 30, 1983. The deed was signed by both Ted and Sheryl Barnett.
Dodd was added as a defendant in the present suit. Plaintiff and Dodd both filed motions for summary judgment. Plaintiff appeals from the denial of its motion for summary judgment and the granting of Dodd's motion for summary judgment on the ground that Dodd was a bona fide purchaser.
A bona fide purchaser is one who (1) purchases legal title, (2) in good faith, (3) for adequate consideration, (4) without *Page 332 
notice of any claim of interest in the property by any other party. First National Bank of Birmingham v. Culberson,342 So.2d 347, 350 (Ala. 1977). Notice sufficient to preclude a bona fide purchase may be actual or constructive or may consist of knowledge of facts which would cause a reasonable person to make an inquiry which would reveal the interest of a third party. Hill v. Taylor, 285 Ala. 612, 614, 235 So.2d 647, 649
(1970).
There is no evidence that defendant Dodd had actual notice of the interest claimed by plaintiff in the Barnett home at the time she purchased it. Plaintiff argues, however, that the notice of lis pendens and the certificate of judgment against Ted Barnett gave constructive notice of its claim.
A purchaser is chargeable with notice of what appears on the face of the instruments in his or her chain of title. Ball v.Vogtner, 362 So.2d 894, 897 (Ala. 1978); Union Oil Co. v.Colglazier, 360 So.2d 965, 969-70 (Ala. 1978). However, an instrument outside a purchaser's chain of title does not give constructive notice. In Jefferson County v. Mosley, 284 Ala. 593, 226 So.2d 652 (1969), the grantor conveyed a right of way to Jefferson County by deed executed October 18, 1945, and recorded April 2, 1952. The grantor conveyed the fee to Mosley by deed executed December 20, 1951, and recorded January 14, 1952. Mosley subsequently conveyed the property to third parties, who contended that they were bona fide purchasers without notice of Jefferson County's right of way. The court held that the deed from the grantor to Jefferson County did not give constructive notice because it was recorded after the recording of the deed from the grantor to Mosley, through whom the subsequent purchasers derived title. The Court quoted the following passage from American Law of Property, Vol. IV, § 17.21:
 "`If after the recording of a deed from an owner there is later recorded another deed from the same grantor to a different grantee, whether earlier or later in date, a purchaser from the first grantee is without notice of any rights of the second grantee unless it is by reason of some fact other than the record; the purchaser's obligation to examine the grantor's indices as to that grantor ceased at the date of the recording of the first deed. * * *'"
Since the subsequent purchasers had a duty to check the grantor indices under the name of the original grantor until the recording of the deed to Mosley, the later recording of the deed to Jefferson County from the same grantor was outside their chain of title.
In the present case, defendant Dodd had a duty to check the grantor indices under the name Ted Barnett until the date the deed from Ted to Sheryl was recorded. Thereafter, defendant Dodd was obliged to check the indices under the name Sheryl Barnett. Since the notice of lis pendens and the certificate of judgment were recorded after the deed from Ted to Sheryl and neither of the former documents named Sheryl, they were outside defendant Dodd's chain of title and would not serve as constructive notice of plaintiff's claim.
Plaintiff argues that Ted's joining in the deed conveying the property to defendant Dodd would cause a reasonable person to inquire about Ted's interest in the property and that such inquiry would have revealed the notice of lis pendens and the certificate of judgment against Ted. However, Ted's joining in the execution of the deed to Dodd was subsequent to Dodd's title examination and could not serve as constructive notice to her. The case of Creel v. Keith, 148 Ala. 233, 41 So. 780
(1906), cited by plaintiff, is inapplicable because the deed in that case which served as constructive notice by virtue of another party's joining as a grantor was not the deed to the defendant but was an earlier deed in the defendant's chain of title. In the present case, the deed in question was the deed to the third-party purchaser. *Page 333 
There is no evidence in the record that defendant Dodd had actual knowledge before the conveyance was completed that Ted claimed any interest in the property or that he intended to sign the deed to Dodd.
Plaintiff also contends that defendant Dodd was put on notice by the prior conveyance from Ted and Sheryl to Sheryl for "One Dollar and all other good and valuable consideration." In McKeev. West, 141 Ala. 531, 37 So. 740 (1904), the Court held that a recitation of consideration of "love and affection" in a deed from a mother to her two daughters was not sufficient, absent knowledge of other facts and circumstances, to put a subsequent purchaser on notice that the conveyance was fraudulent. In the present case, there is no evidence that defendant Dodd had knowledge of any facts or circumstances which should have caused her to inquire about the consideration for the conveyance to Sheryl.
Finally, plaintiff maintains that its filing suit against Ted and Sheryl to set aside the conveyance to Sheryl was constructive notice to the world of its interest in the property. But that common-law doctrine of lis pendens has been modified by statute. Lee v. Macon County Bank, 233 Ala. 522,528, 172 So. 662, 669 (1937). The statutory notice must be filed in order for the pending suit to serve as constructive notice to the purchasers. Macke v. Scaccia, 222 Ala. 359, 361,132 So. 880, 881 (1931). Although there was a lis pendens
notice filed, it did not refer to Sheryl Barnett and, therefore, as we have already found, that notice was outside defendant Dodd's chain of title.
Defendant Dodd is a bona fide purchaser. Let the trial court's entry of summary judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.