Orien Malcom sought rescission of a warranty deed by which he had conveyed 50 acres of land in DeKalb County to Shelia Shelton. His complaint alleged misrepresentation by Shelton that had induced him to make the conveyance. Orien Malcom died shortly after commencement of the action, and Doyle Malcom, administrator of the estate of Orien Malcom, was substituted as plaintiff. Appellees Lester and Nancy Wilson and First State Bank of DeKalb County were subsequently added as parties defendant. After hearing the case without a jury, the trial court entered judgment rescinding the deed only as to the one-half acre of land Shelton had retained when she deeded 49 1/2 acres of the property to the Wilsons. The court entered judgment for the Wilsons and First State Bank, effectively leaving title to the remaining 49 1/2 acres in the Wilsons.[1]
Shelton allegedly represented to Orien Malcom that she was pregnant with his child and threatened him with legal action and/or bodily harm if he refused to convey to her the real property in dispute. He and Shelton went to an attorney's office in Rainsville, Alabama, where he expressed his intention to convey some property to Shelton. He declined the attorney's suggestion that he retain a life estate in the property. The deed was executed on September 11, 1985, and was recorded in the probate office of DeKalb County, Alabama, on September 26, 1985.
Shelton contacted Lester Wilson one or two days after the execution of the deed, and prior to its recordation. Shelton offered to sell 45 of the 50 acres to Wilson, excluding five acres containing the house occupied by Orien Malcom. After negotiations between the parties, Wilson eventually agreed to buy 49 1/2 acres, excluding the one-half acre upon which the house was located, for $24,000.00. For the purchase, the Wilsons obtained financing from First State Bank of DeKalb County. The loan was closed on September 27, 1985, and the' proceeds were used to pay Shelton for the property. Orien Malcom, now deceased, filed this action, along with a notice of lis pendens, on October 1, 1985.
The only issue presented is whether the trial court's holding, that the Wilsons and First State Bank were bona fide purchasers for value without notice of any defect in title, was plainly and palpably erroneous.
Doyle Malcom contends that Lester Wilson and First State Bank had knowledge sufficient to put them on inquiry concerning Shelton's alleged fraud in procuring the deed. He argues that the following facts were sufficient to alert Wilson to the possibility of unfair dealing between Shelton and Orien Malcom: Shelton approached Wilson offering the property for sale just one or two days after acquiring it; Shelton was young and "different looking," with a "decidedly masculine appearance"; Wilson knew that Orien Malcom lived on the property; Shelton stated to Wilson that she needed the proceeds from the sale of the property to have back surgery, although she showed no visible signs of back trouble; Wilson was aware that Orien Malcom had previously offered to sell the property to an acquaintance of Wilson for $65,000.00; Wilson paid only $24,000.00 for the property; Wilson knew that Shelton wanted to retain five acres of the property, but convinced her to retain only one-half acre of the property; Wilson discovered that Orien Malcom had given a mortgage on the property that had an outstanding balance of $2,031.48 at the time of the conveyance, even though no mention was made of this mortgage in the deed to Shelton; Wilson never requested a contract of sale on the property; and, Shelton had not recorded the deed from Orien Malcom.
The Wilsons and First State Bank contend that the evidence is sufficient to support the judgment and therefore that theore tenus rule should apply and the judgment should be presumed correct.
A bona fide purchaser is one who (1) purchases legal title, (2) in good faith, (3) for adequate consideration, (4) without notice of any claim of interest in the property by any other party. Rolling "R" Construction, *Page 243 Inc. v. Dodd, 477 So.2d 330 (Ala. 1985); FirstNational Bank of Birmingham v. Culberson, 342 So.2d 347
(Ala. 1977). Notice sufficient to preclude a bona fide purchase may be actual or constructive or may consist of knowledge of facts that would cause a reasonable person to make an inquiry that would reveal the interest of a third party. Dodd, supra; Hill v. Taylor, 285 Ala. 612,235 So.2d 647 (1970). There is no evidence that the Wilsons or First State Bank, at the time of the conveyance from Shelton to the Wilsons and the mortgage from the Wilsons to First State Bank, had actual knowledge of the alleged fraud and duress perpetrated against Orien Malcom by Shelton. Malcom argues, however, that the facts and circumstances surrounding the transactions gave the Wilsons and First State Bank constructive notice of the defect in the conveyance from Orien Malcom to Shelton. It was not plainly and palpably erroneous for the trial court to find that none of the facts alleged to have been known to Lester Wilson prior to his purchase of the property from Shelton was sufficient to put him on inquiry as to the validity of the conveyance from Orien Malcom to Shelton. The facts allegedly sufficient to put Lester Wilson and/or First State Bank on inquiry concerning the conveyance from Orien Malcom to Shelton did not make the transaction as obviously suspect as the administrator argues it is. Taken together, Shelton's youth and appearance and the fact that she told Wilson that she needed the money for back surgery when she did not evidence a back problem do not necessarily create doubt concerning the circumstances of the conveyance from Orien Malcom.
Doyle Malcom places considerable emphasis on the discrepancy between the price of $24,000.00 paid by the Wilsons to Shelton for the property and testimony placing the value at between $50,000.00 and $65,000.00. However, estimates in the testimony valuing the property from $50,000.00 to $65,000.00 included the portion of the property containing the house and barn. The parcel purchased by Wilson excluded the one-half acre upon which these improvements were located. It was not plainly erroneous for the trial judge to conclude that the price paid by Wilson was a reasonable one in light of the testimony concerning existing market conditions and the condition of the property.
Finally, the trial court had evidence before it from which it could have concluded that the outstanding mortgage and the unrecorded deed were not such unusual occurrences as to put a potential purchaser on notice of a possible defect in the conveyance to Shelton. Mr. Wilson, as a real estate agent, was experienced in buying and selling real estate. The fact that the deed from Orien Malcom to Shelton was prepared by a reputable attorney in the community could well have confirmed the validity of the transaction in Wilson's mind.
When a trial court, without a jury, hears oretenus evidence, its findings will not be disturbed on appeal unless plainly and palpably erroneous or manifestly unjust. The trial judge heard and observed the witnesses and was therefore in a better position than we are to evaluate the testimony. The facts alleged do not amount to such suspicious circumstances as to justify our holding that the court plainly erred in not finding that Mr. Wilson and First State Bank had constructive notice of the alleged fraud upon Orien Malcom or knowledge of facts that would have caused a reasonable person to make inquiries that would have disclosed Orien Malcom's alleged continued interest in the property.
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES and HOUSTON, JJ., concur.
[1] Shelton did not enter an appearance in this action. *Page 244