ROBERTSON, Presiding Judge.
On May 9, 1989, the appellant, Pearlean Jackson, contracted with the appellee, Leroy Christmas, d/b/a Leroy Christmas & Sons Contractors, to have certain repair work performed on Ms. Jackson’s home in Dothan. The agreement was known as a Residential Rehabilitation Construction Contract and was financed and administered by the Housing Authority of the City of Dothan, Alabama (Housing Authority). Ms. Jackson qualified for assistance of approximately 80% of the costs of the repairs. The administration of the contract was *526 such that, upon completion by Mr. Christmas of certain phases of repair and upon approval by the Housing Authority of those phases, the Housing Authority prepared checks payable to Mr. Christmas, which only required the signed release of Ms. Jackson in order to be negotiable.
On May 17, 1989, a second contract (change order) was executed, which narrowed the scope of the repair work to be performed by Mr. Christmas and, therefore, decreased the total contractual amount from $18,828 to $15,000.
Due to contract disputes', Ms. Jackson did two things: first, she filed a small claims suit for $732 in the District Court of Houston County against Mr. Christmas because of a disagreement over the purchase of some metal awning and, second, she refused to release the final check which had been authorized by the Housing Authority and made payable to Mr. Christmas.
After $732 was awarded to Ms. Jackson in the small claims court, Mr. Christmas filed an appeal of that action to circuit court.
Thereafter, the Housing Authority filed an interpleader complaint pursuant to Rule 22 of the Alabama Rules of Civil Procedure and deposited $1,731 with the register of the circuit court, which was the amount of the last check due Mr. Christmas. In the complaint, the Housing Authority requested that the two parties (Ms. Jackson and Mr. Christmas) be required to present their claims to the court, that the Housing Authority be allowed a reasonable attorney’s fee for having to file and proceed with the interpleader action, and that the Housing Authority forever be discharged from further duty or liability with respect to the contractual relations at issue between Ms. Jackson and Mr. Christmas.
The appeal from the small claims court and the interpleader complaint were consolidated. After considering testimony ore tenus, the trial court entered an order finding in favor of Mr. Christmas with respect to the small claims case. Also, the trial court awarded a ten percent attorney’s fee to the Housing Authority in the interpleader action and ordered the balance to be paid to Mr. Christmas. From the order of the trial court, Ms. Jackson appeals.
The only issue raised on appeal is whether the trial court abused its discretion by not finding a breach of contract and by allowing the interpleaded money to be paid to Mr. Christmas.
Ms. Jackson points out several areas in which she feels Mr. Christmas either underperformed or failed to perform so as to breach the parties’ contract. First, she argues that Mr. Christmas failed to move an electrical box as provided for in the contract dated May 9, 1989. However, the May 17 change order specifically deleted this requirement. Second, she states that her roof was not replaced in a timely manner and, consequently, rain damaged the inside of the house. The only indication in the record of any such damage is the testimony of Ms. Jackson; testimony which was uncorroborated except by photographs showing water damage which occurred pri- or to Mr. Christmas beginning his contractual responsibilities.
Other areas of contention are that the bottom layer of aluminum siding was not nailed down, that piping which led to an outside storage shed was not insulated, and that trash accumulated and was not removed periodically, which gave an appearance of an unprofessional job. As to these various assertions, we note that there is testimony in the record that Mr. Calhoun, the Housing Authority inspector, performed periodic checks on Mr. Christmas’s work and approved each phase of his inspection. Also, each time Mr. Calhoun prepared a check for Mr. Christmas, Ms. Jackson signed a release until the final check was presented. Although Mr. Calhoun previously had received complaints from Ms. Jackson, he testified that he investigated her complaints, requested follow-up work be done by Mr. Christmas, and subsequently approved all phases of the job until and including the final phase. According to Mr. Calhoun, the job was completed in a satisfactory and timely manner as per the terms of the contract.
“When a trial court, without a jury, hears ore tenus evidence, its findings *527 will not be disturbed on appeal unless plainly and palpably erroneous or manifestly unjust. The trial judge heard and observed the witnesses and was therefore in a better position than we are to evaluate the testimony.”
Malcom v. Wilson, 534 So.2d 241, 243 (Ala.1988) (emphasis in original).
We cannot find that the trial court’s judgment was plainly or palpably erroneous or manifestly unjust; therefore, this case is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.