ROBERTSON, Presiding Judge.
Following an ore tenus proceeding in this divorce case, the trial court, inter alia, awarded the husband, Royce Jackson Kelley, a house and property jointly owned by the parties and awarded the wife, Barbara Ann Kelley, a $14,700 judgment against the husband for her interest in the property.
The husband’s sole issue on appeal is whether the trial court committed an abuse of discretion. He argues that the $14,700 award to the wife “virtually consumed all of the approximately $15,000 equity in the house.”
We first note that, when evidence is presented ore tenus, the trial court’s judgment is presumed correct on appeal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kelley v. Kelley, 600 So.2d 303 (Ala.Civ.App.1992). This court will not reverse that judgment absent a showing of an abuse of discretion. Murray v. Murray, 598 So.2d 921 (Ala.Civ.App.1992). Some factors that the trial court should consider include (1) the earning ability of the parties; (2) their probable future prospects; (3) their health; and (4) the conduct of the *934 parties with reference to the cause of divorce. Echols v. Echols, 459 So.2d 910 (Ala.Civ.App.1984).
The record reveals that at the time of trial, the husband was a 32-year-old construction worker. He suffered an on-the-job injury from which he had fully recovered, but had recently received a $36,000 workers’ compensation settlement. He testified at trial that he had been temporarily laid off, but that he expected to return to work soon. The wife testified that although she had worked for the Census Bureau for two years during the marriage, at the time of the hearing she was unemployed and unable to work due to her medical condition. She stated that her parents were supporting her.
The trial court heard conflicting testimony concerning physical abuses committed on the wife; the husband’s taking of the wife’s jewelry and money; adulterous and homosexual accusations by both parties; drug abuse; and each parties’ contribution to the marital estate. It was undisputed, however, that they only lived together approximately one and one-half years during their four year marriage and that the husband had two children by another woman during the marriage. The parties married after the husband was paroled from prison and while he was living in a half-way house, and it was the second marriage for both. The husband had one child from his previous marriage and the wife had two children from her previous marriage; however, there were no children born of this marriage.
The wife testified that she and the husband worked together to paint and repair the house and that before their separation, she and the husband had planned to move into the house when they finished refurbishing it. The husband testified that the property was deeded to them by his mother and that the wife had not made any contributions toward the property.
The credibility of oral testimony is addressed to the trier of facts, and this court cannot substitute its own judgment for that of the trial court. Cox v. Cox, 395 So.2d 1027 (Ala.Civ.App.1981). The trial judge was in a better position than we are to evaluate the witnesses’ testimony. Malcolm v. Wilson, 534 So.2d 241 (Ala.1988).
After a review of the record, we do not find that the trial court committed an abuse of discretion or that its judgment was plainly and palpably wrong. The trial court’s judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.