This is an appeal with an alternative petition for writ of mandamus to review the grant of a Rule 60 (b), A.R.Civ.P. motion for *Page 798 
relief from a consent settlement in a workmen's compensation case.
The record reveals that while within the line and scope of his employment, plaintiff suffered injury to the third and fourth fingers of his left hand. The tips of those fingers were pinched off between two angles of steel. The injury occurred on July 14, 1980. Defendant employer referred plaintiff to Dr. Veach who treated plaintiff's injury to his fingers for approximately seven weeks, after which time Dr. Veach released him as to that injury. Plaintiff received temporary total disability payments for those seven weeks. The last check arrived in September 1980.
Plaintiff returned to work but was unable to continue working due to severe pain and weakness in his left shoulder and arm. Plaintiff had had no trouble with his shoulder prior to the work-related injury to his fingers. The shoulder pain apparently began after plaintiff was given an injection in his shoulder in the course of treatment to his fingers. Although Dr. Veach and other physicians continued to treat plaintiff for the pain in his shoulder, Dr. Veach informed plaintiff, defendant and defendant's insurer that the shoulder pain was the result of bursitis and not related to the injury to plaintiff's fingers.
Defendant's attorney contacted plaintiff, requesting a meeting to discuss a settlement of the workmen's compensation claim. When plaintiff and his wife arrived at the attorney's office, the attorney read to them a previously prepared complaint, answer, and settlement agreement. Plaintiff was told that the $1,543.76 figure would be all he would receive for his injury. On the same day, November 14, 1980, plaintiff and defendant's attorney obtained a consent judgment in the Talladega County Circuit Court approving the settlement between the parties. Plaintiff was not represented by counsel at this proceeding. He did testify, however, that he had previously discussed the proposed settlement with an attorney who had advised plaintiff that $1,500 was a fair settlement on his claim for the injury to his fingers.
Plaintiff continued to experience pain in his shoulder which necessitated medical treatment. He is functionally illiterate, and his work experience is limited to physical labor. Unable to return to work, plaintiff had to support himself, his wife, and seven minor children with welfare.
On February 19, 1981, plaintiff filed a motion to set aside the consent judgment alleging as grounds: (1) that he was ignorant of the true nature of his injury; (2) that defendant refused to continue payment of temporary disability, thereby unduly influencing and coercing plaintiff to settle his claim; and (3) that the settlement was the result of fraud. On November 16, 1981, after a hearing on the motion, the trial court entered an order setting aside the consent judgment on the basis of mutual mistake as to the extent of plaintiff's work-related injuries. Defendant's motion to amend the November 16, 1981 order, or alternatively to allow rehearing on the motion, was denied.
The first issue raised by defendant is whether § 25-5-56, Code 1975 preempts the operation of Rule 60 (b), A.R.Civ.P. with respect to setting aside vel non workmen's compensation settlements.
Section 25-5-56 provides in part:
 "Any settlements hereunder may be vacated for fraud, undue influence or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of settlement."
Defendant relies on Rule 81, A.R.Civ.P., which provides:
 "(a) Proceedings controlled by statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:
. . . .
(31) Workmen's Compensation." (Emphasis Supplied.)
Defendant contends, therefore, that the statutory remedy for setting aside a workmen's compensation settlement is exclusive and cannot be supplemented by other remedies *Page 799 
available under the Alabama Rules of Civil Procedure. We do not agree. Except for fraud, the other reasons which may be asserted in seeking relief from a judgment under Rule 60, A.R.Civ.P., are "not provided by statute." Thus under Rule 81, A.R.Civ.P., such reasons are applicable in workmen's compensation cases. See Brown v. Murray Security Guard Company,404 So.2d 79 (Ala.Civ.App. 1981).
The second issue is whether the trial court erred in finding grounds under Rule 60 (b), A.R.Civ.P., for granting plaintiff relief from the settlement.
The trial court has wide discretion in its determination of whether to grant relief pursuant to Rule 60 (b), A.R.Civ.P., and its ruling will not be reversed except for an abuse of that discretion. Charles Townsend Ford, Inc. v. Edwards,374 So.2d 900 (Ala.Civ.App. 1979). In considering a motion for relief from judgment, the trial court must balance any need to remedy injustice against the need for finality of judgments. Smith v.Smith, 397 So.2d 128 (Ala.Civ.App. 1980), cert. denied,397 So.2d 130 (Ala. 1981).
In the instant case, plaintiff had been told by Dr. Veach that his shoulder pain was the result of bursitis. After contacting an attorney, he was advised that the injury to his fingers would be fairly compensated by the settlement agreement. Although plaintiff was totally disabled by the pain in his shoulder and arm, everyone else involved apparently relied on Dr. Veach's opinion that such pain was not related to plaintiff's injury to his fingers. In considering the 60 (b) motion, the court could have determined that plaintiff, uneducated and not qualified to relate the shoulder pain to the on-the-job injury, accepted the settlement in reliance on representations that the settlement amount was all the money to which he was entitled. As in Brown v. Murray Security GuardCompany, supra, plaintiff is allegedly totally disabled. If opportunity to establish that such condition is related to his injury is denied, he will be forced to live with a settlement entered into on the basis of a possibly erroneous assumption and diagnosis. The relative lack of prejudice to the defendant in having to try plaintiff's claim on the merits compares unfavorably to the possible prejudice suffered by plaintiff. Whether enumerated or not in the motion, the trial court could have found cause under 60 (b)(6) to set aside the judgment. We find no abuse of his broad discretion.
We emphasize that we are not expressing an opinion as to the validity of plaintiff's claim. We hold, however, that the trial court did not abuse its discretion in setting aside the settlement and requiring that a trial on the merits of the claim be held.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.