This is a workmen's compensation case.
This is the second time this case has been before this court. For a detailed statement of the facts, which remain unchanged, see Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797
(Ala.Civ.App. 1982). In that decision, we affirmed the trial court's decision to grant the plaintiff's Rule 60 (b), A.R.Civ.P. motion to set aside a consent judgment. Fabarc,supra. Our primary concern, as well as the trial court's, was that the plaintiff should have a chance to determine by a trial on the merits whether his alleged totally disabling shoulder pain was related to his on-the-job injury. Fabarc, supra.
After a trial on the merits, the court found that the plaintiff had suffered a fifty percent permanent partial disability to the second finger of his left hand and a fifty percent permanent partial disability to the third finger of the same. Accordingly, the court made an award to the plaintiff under § 25-5-57, Code of Alabama 1975, of thirty-one weeks and twenty-two weeks permanent partial disability benefits, respectively, for his injuries.
The court then ruled, however, that the pain centered in the plaintiff's left shoulder was not related to the on-the-job injury to the plaintiff's fingers or to subsequent medical treatment. From that judgment, the plaintiff appeals.
The dispositive issue raised by plaintiff on appeal is whether a finding "against the great weight of the evidence" that his shoulder pain was not caused by his injury to his fingers is in keeping with the required liberal construction of the Alabama Workmen's Compensation Act.
A workmen's compensation case is reviewable by writ of certiorari. Suit v. Hudson Metals, Inc., 414 So.2d 115
(Ala.Civ.App. 1982). Review on appeal is limited to whether there is any legal evidence *Page 116 
present to support the trial court's findings. Young v. City ofHuntsville, 342 So.2d 918 (Ala.Civ.App. 1976). A review of the weight of the evidence or the trial court's findings of fact is not properly before us. Suit v. Hudson Metals, Inc., supra. Any legal evidence supportive of the trial court's findings requires our affirmance of those findings. Allen v. Diversified Products,453 So.2d 1063 (Ala.Civ.App. 1984).
In order to recover benefits for permanent total disability, a claimant must prove that he is permanently and totally disabled and that his disability resulted from an accident arising from his employment. § 25-5-57 (a)(4)(d), Code of Alabama 1975. The trial court found that this plaintiff did not meet the second requirement.
A review of the record indicates that there is legal evidence to support that finding. There does appear to be some conflicting testimony. However, Dr. Veach, the orthopedic specialist who treated the plaintiff's finger injuries, emphatically stated that the shoulder pain could not be related to the finger injuries "with sound medical judgment." Dr. Veach testified that the plaintiff did not complain about his shoulder until a month after the accident which injured the plaintiff's fingers. Most of the testimony offered by the plaintiff addresses whether the plaintiff is disabled rather than whether the finger injuries caused the disabling shoulder pain. Findings of the trial court on conflicting testimony are conclusive where there is any testimony to support those conclusions. Suit v. Hudson Metals, Inc., supra.
In a workmen's compensation case, the plaintiff has the burden of proof to establish the causal connection between the work and the injury. Ray Motels, Inc. v. Griffin, 428 So.2d 107
(Ala.Civ.App. 1983). The court cannot speculate that an injury arose out of an on-the-job accident. Ray Motels, Inc., supra.
The plaintiff has the burden of proving all elements of his case. Simpson v. Alabama Dry Dock Shipbuilding Co., 269 Ala. 635, 114 So.2d 918 (1959). After hearing the evidence and observing the plaintiff, the trial court concluded that the plaintiff had not successfully linked his shoulder pain to his finger injuries. As there is legal evidence to support the trial court's conclusion, we must affirm. Allen v. DiversifiedProducts, supra.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.