This is a workmen's compensation case.
The trial court awarded the employee permanent total disability benefits for the remainder of his life. The employer appeals. We affirm.
The employee, a forty-nine-year-old male, worked for the employer as an I-beam turner until September 1983. In this job the employee cleaned rust from I-beams, heavy pieces of steel, and lifted and turned the I-beams as part of the cleaning process. *Page 1260 
In December 1982 the employee sustained an injury to his lower back while turning an I-beam. He was given conservative medical treatment and returned to his same job with a back brace in February or March 1983.
In September 1983 another accident or injury occurred while the employee was turning an I-beam. Following the accident, the employee complained of both lower back pain and weakness and numbness in his legs. The employee has not returned to work since the September 1983 accident.
There is no contention by the employer that the employee did not suffer an injury to his back arising out of his employment.See Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App. 1982). Rather, the primary issue on appeal is whether the employee met his burden of establishing medical causation — that the accident caused the injury for which the employee sought workmen's compensation. See Ragland Brick, supra. The employer argues that the employee failed to prove that his present condition, the weakness and nerve damage in his legs, was caused by the accident on the job.
This case, as all workmen's compensation cases, is before this court by writ of certiorari. § 25-5-81 (d), Code of Alabama 1975. "On certiorari our review `is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court.'" Padgett v. International PaperCo., 470 So.2d 1287 (Ala.Civ.App. 1985) (citing Armstrong v.Lewis Associates Construction Co., 451 So.2d 332, 334
(Ala.Civ.App. 1984)). Under this standard of review, we will affirm the findings and conclusions of the trial court if there is any legal evidence to support them. Padgett, supra. Davis v.Fabarc Steel Supply, Inc., 469 So.2d 114 (Ala.Civ.App. 1985).
The evidence before the trial court revealed that the employee was a forty-nine-year-old male with a third grade education. He had engaged in various forms of manual labor most of his life. The employee testified that, until the accident, he had never had any trouble with his legs and had never been hospitalized.
The employee testified that, when he had the first accident turning an I-beam in December 1982, he experienced a sharp pain running down his left leg and numbness in half of his foot. When he had the second accident in September 1983, he experienced pain in his lower back and sharp pain and numbness in half of his left foot. He subsequently experienced weakness and numbness in his lower right leg. During treatment for his injury to his back, it was noticed by his doctors that there was a visible decrease in the size of his right calf and thigh. There was absence of ankle and knee jerk in the right leg.
A consulting neurosurgeon who observed employee was frank to admit that the cause of the wasting of the right leg and the abnormal nerve condition indicated by several electromyelograms was a medical mystery to him. His experience did not indicate that this condition was caused by the job-related back injury. However, it was acknowledged by all that there was no indication that the condition had appeared before the back injury.
A neurologist who examined employee and performed electromyelograms and other tests of the nerve system in the right leg and the back also expressed problems with direct causation between the back injury and the condition of the right leg. However, he testified that the condition was "very likely" associated or caused from the back injury. He further stated that the nerve condition in the right leg could be a chronic condition which was aggravated, if not triggered, by the back injury.
Such testimony, when considered with the circumstances of the condition never being manifested until after the injury, certainly is sufficient to furnish a reasonable inference of medical causation. Determination of medical causation is not an exact science and may be viewed in light of attending circumstances. The trial court reached its conclusion that there was causation between the accident and the existing *Page 1261 
condition. We conclude there was reasonable evidence before it to support such conclusion. We are not at liberty to weigh that evidence. Davis, supra.
In its final order the trial court concluded, "The Court finds that the plaintiff is now one hundred percent permanently and totally disabled, and has no economic ability to earn a living, and such condition will continue indefinitely." The employer argues that, due to the trial court's use of the phrase "such condition will continue indefinitely," the court found that the employee was disabled only for an indefinite period of time and therefore erred in awarding permanent total benefits for such period.
Although the trial court's use of the phrase "such condition will continue indefinitely" may be a bit misleading, the use of that phrase does not have any legal effect upon the primary andpreceding determination by the trial court that the employee "is now one hundred percent permanently and totally disabled."
We affirm the judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.