HOLMES, Judge.
This is a workmen’s compensation case.
The employee was injured in an accident in the course of his employment as executive housekeeper at Cooper Green Hospital. He brought suit against the employer for workmen’s compensation benefits.
Following ore terms proceedings, the trial court rendered its judgment. It found that the employee was 100% permanently and totally disabled from obtaining gainful employment and ordered the employer to pay appropriate workmen’s compensation benefits.
The employer appeals. We affirm.
The primary issue before this court is whether the employee established the requisite medical causation to be entitled to workmen’s compensation.
To establish that he is entitled to benefits the employee must meet two tests of causation, legal and medical. Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982); Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). The employer apparently does not dispute that legal causation has been established, i.e., that the accident which allegedly caused the employee's present injury or condition occurred in the course of his employment.
The employer strongly contends, however, that the employee has not established medical causation — that the work-related accident caused the injury for which compensation is sought. Valley Steel Construction v. Prater, 479 So.2d 1259 (Ala. Civ.App.1985). Medical causation must be established through medical testimony, i.e., the testimony of doctors. Campbell, 409 So.2d 443.
The record reveals that the employee was involved in a work-related accident when he attempted to grab a falling barrel. At that particular time he felt a burning sensation in his neck. That night, due to neck pain, he went to the emergency room, was admitted to the hospital, and was placed in traction. He remained in the hospital for thirty days.
Thereafter, due to continuing pain, the employee saw a series of doctors, many at the direction of the employer. Many tests were performed on him, as well as back surgery. It appears that neither the surgery nor any other treatment has alleviated the pain in the employee’s neck.
The employer contends that the employee has not presented evidence that doctors have determined that the painful condition or injury to his neck was caused by the accident when he attempted to grab the falling barrel. We disagree.
The deposition of Dr. William Fleming, a practicing physician specializing in rehabilitation medicine, was read into the record before the trial court. Dr. Fleming diagnosed the employee as suffering from cervical spondylosis, “a kind of arthritis in which certain elements of the bones in the neck enlarge somewhat and narrow or to give the effect of narrowing the canal in *39 which the spinal cord lies as it passes from the head down to the rest of the body.”
Dr. Fleming opined that cervical spondy-losis is a fairly common event that often causes no particular problems for the individual who suffers from it, but that when there is a “trauma,” because of the spondy-losis, it is easier for the individual’s spinal cord to be damaged. Dr. Fleming apparently concluded that nerve damage had occurred to the employee as the result of his trauma — the work-related accident.
Dr. Fleming stated that, based upon the tests given and the findings of sensitivity on the left with loss of muscle bulk, he “could agree very easily with the diagnosis of radiculopathy or neuropathy in the left arm and neck.” Radiculopathy is a malfunction of the nerve roots. He opined that the employee’s radiculopathy “could very well have been associated with or caused by,” and that “it is reasonable to assume” that it was caused by, the work-related accident or trauma.
Dr. Fleming further opined that the employee’s entire problem with pain and weakness was due to the radiculopathy, the compression of the nerve roots coming in and out of openings in the spinal column, rather than from the pre-existing spondylo-sis.
This workmen’s compensation case is before this court on certiorari, Ala.Code (1975), § 25-5-81(d) (1986 Repl.Vol.), and our review is thus limited. On certiorari if there is any legal evidence to support the trial court’s findings and conclusions, we must affirm. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App.1986); Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986).
Under this standard of review we find the medical testimony of Dr. Fleming to be adequate legal evidence which supports the trial court’s conclusion that medical causation was established.
It should be noted, moreover, that the “[d]etermination of medical causation is not an exact science and may be viewed in light of attending circumstances.” Prater, 479 So.2d at 1260.
There is testimony of other doctors which conflicts with that of Dr. Fleming, and there are even certain portions of Dr. Fleming’s testimony which weaken his opinions. These matters, however, go to the weight of the evidence, and this court is not at liberty to reweigh that evidence. Prater, 479 So.2d at 1261; Fordham, 387 So.2d at 205. Rather, we must accept the trial court’s finding of medical causation if there is any evidence which supports it. Campbell, 409 So.2d at 446.
The employer also contends that the trial court’s findings are not supported by legal evidence. Although it is rather vague, this contention focuses upon the trial court’s finding that the employee was 100% permanently and totally disabled. We find this contention to be without merit.
Again we note the deposition testimony of Dr. Fleming, who opined that, with his nerve damage, the employee has a permanent problem. Dr. Fleming testified:
“As I understand the job situation, I think that he is 100% impaired, and I think that it has to be — I do not feel that he can produce functionally.
[[Image here]]
“I do not feel at this length of time that anything we do is going to get rid of the pain completely.... I feel that with the amount of pain he has it would keep him from concentrating mentally, and performing physically in gainful employment.”
There was also testimony from a rehabilitation counselor that the employee had reached his maximum rehabilitation potential.
We find that the above evidence supports the trial court’s findings and conclusions and requires our affirmance under the limited standard of review on certiorari. Hinote, 498 So.2d 848; Lowe, 491 So.2d 962.
The employer contends, however, that the trial court ignored certain evidence which could support a finding that the employee was not permanently and totally disabled. As with the issue of medical causation, there was certainly evidence *40 which conflicts with that supporting a finding of permanent and total disability.
There is no indication that the trial court ignored such evidence. Rather, it was that court’s prerogative to weigh and resolve the conflicting evidence. This court may not reweigh that evidence, but must affirm if there is any evidence which supports the trial court’s findings. Fordham, 387 So.2d 204.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.