INGRAM, Presiding Judge.
William Henry Stanfield, the employer in this case, appeals to this court from the trial court’s decision to set aside a consent settlement in a workmen’s compensation case.
Bobby Gene Smith was employed by Stanfield as a pulpwoodsman in January 1986, when Smith’s left leg was broken at work because a tree “kicked back” and hit his leg. Stanfield’s workmen’s compensation insurance paid Smith’s medical expenses and paid temporary total disability benefits to him. He was released by his treating physician in September 1987, at which time he was assigned a permanent disability rating of three percent to the body or six percent tó the left lower extremity.
In October 1987, at the request of Stan-field’s insurance carrier, Smith met with the lawyer for the carrier, who had prepared a settlement agreement which *1070 awarded a lump sum payment of permanent partial disability benefits based upon a six percent disability rating. Smith then accompanied the lawyer to the courthouse, where he was examined by the trial court before he signed the settlement agreement. A decree approving the settlement was entered on October 20, 1987. On February 19, 1988, Smith filed a motion for relief from the judgment pursuant to Rule 60(b), Alabama Rules of Civil Procedure, and § 25-5-56, Ala.Code 1975 (1986 Repl.Vol.). The trial court entered an order granting his 60(b) motion on July 29, 1988. It is from that order that Stanfield appeals.
The dispositive issue on appeal is whether the trial court erred in granting Smith’s motion.
The trial court has wide discretion in determining whether to grant or deny relief pursuant to Rule 60(b), A.R.Civ.P., and its decision will not be reversed on appeal absent an abuse of discretion. Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797 (Ala.Civ.App.1982). The trial court must balance the need to remedy injustice against the need for finality of judgments. Fabarc Steel Supply, supra. A strong presumption of correctness attaches to the trial court’s determination of a motion made pursuant to Rule 60(b). Ex parte Dowling, 477 So.2d 400 (Ala.1985).
At the hearing on Smith’s motion, he testified that he could not work for a full eight-hour day because of pain in his left hip and leg. He stated that he had a ninth-grade education, could read “some,” and could write “very' little.” He was given the opportunity to review the settlement agreement and testified that he read what he could of it, but only understood some of what it said. He did not understand how the benefits were calculated. In explaining why he consented to the agreement, Smith said:
“That’s why I signed the papers, because I felt like I was being treated right by Mr. Miller [the lawyer]. And I felt like Dr. Meshad [sic] done the best he know how, and that’s all I know .to do.”
The trial court’s order granting Smith’s 60(b) motion found that Smith was an unsophisticated person of limited education, that he did not have the benefit of additional medical consultation to determine the extent of his injuries, and that he did not have the advice of an attorney at any time during the settlement negotiation process. The order also found no fraud or misconduct. The court acknowledged that it “must have regard for the finality of judgments,” but voiced concern about cases in which “pro se relatively uneducated injured workers [are] brought to Birmingham for the benefit of the defendant without any legal counsel and in this setting make a ‘voluntary’, settlement.” The court then stated that “under Rule 60(b)(6) justice requires that plaintiff’s motion be granted and that the plaintiff be given a trial on the merits of the case.”
Relief under Rule 60(b)(6) is reserved for extraordinary circumstances and is only available in cases of extreme hardship or injustice. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983). The broad power granted by this rule is not intended to relieve a party from free, calculated, and deliberate choices which he has made. Musgrove v. Musgrove, 423 So.2d 881 (Ala.Civ.App.1982). Stanfield argues that Smith’s failure to obtain counsel and his willingness to sign the settlement were such deliberate choices. The trial court found, however, that Smith’s actions were the result of his failure to understand the availability of other options and the ramifications of the settlement. Equitable principles may be considered by a trial court in deciding whether to grant or deny motions such as this. Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985). Subdivision (6) was added to Rule 60(b) to allow courts to set aside judgments when that is necessary to accomplish justice. Coburn, supra.
We hold that the trial court did not abuse its discretion in setting aside the consent settlement and restoring the case to the active docket for trial on the merits. The consequences of Smith’s acceptance of the only offer made to him are indistinguishable from the consequences of the plaintiff’s acceptance of a settlement in Fabarc Steel Supply, supra. We believe the following statement made in Fabarc applies to the case before us as well:
*1071 “The relative lack of prejudice to the defendant in having to try plaintiffs claim on the merits compares unfavorably to the possible prejudice suffered by plaintiff.”
422 So.2d at 799.
Because we find that the trial court’s judgment granting Smith’s motion pursuant to subdivision (6) of Rule 60(b) is due to be affirmed, we pretermit discussion of Stanfield’s contention that the motion was filed too late to afford relief pursuant to subdivisions (1), (2), or (3) of Rule 60(b).
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.