ROBERTSON, Judge.
This is a petition for a writ of mandamus.
Petitioner, the State Department of Human Resources (DHR), seeks a writ of mandamus to compel the trial court to withdraw its order for a blood test and to overrule a motion to reconsider.
DHR filed a contempt petition in September 1988, on behalf of Kathy Morris, alleging an arrearage due under a 1984 judgment of paternity and support against Danny J. Cobb. Subsequently, Cobb filed a motion to reconsider the 1984 judgment on the ground that he did not have an attorney at the time of the original order, and, therefore, was not fully aware of his rights regarding the matter. He denied paternity and requested that a blood test be ordered to determine the certainty of his paternity; however, there is no record before us of what transpired at the hearing on the motion. The nature of the relief requested here suggests that the motion was made pursuant to Rule 60(b), Alabama Rules of Civil Procedure, for relief from a judgment or order. See Ex parte Tampling Tile Co., 551 So.2d 1072 (Ala.Civ.App.1989).
The matter was heard before a referee, who recommended to the trial court that an order be entered granting Cobb’s motion for a blood test. DHR filed a motion to vacate the order for a blood test on the ground that paternity was established by the 1984 order, thus rendering any action regarding paternity as res judicata. There is no ruling in the record on this motion. DHR filed a petition for a writ of mandamus, requesting that the trial court issue an order setting aside the referee’s order for the blood test. The trial court ratified the referee’s recommendation as its own, and DHR then petitioned this court for a writ of mandamus.
*1148 At the outset, we note that mandamus is an extraordinary remedy that will not be issued unless the movant has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala.1987). We are bound by the record and cannot consider a statement or evidence that was not before the trial court. Ex parte Ralston, 519 So.2d 488 (Ala.1987).
DHR contends that the time for the appeal of the 1984 paternity adjudication has expired and that Cobb did not allege or prove grounds that entitle him to have that judgment set aside under Rule 60(b), A.R. Civ.P.
The remedy available under Rule 60(b), A.R.Civ.P., is an extreme remedy to be used only under extraordinary circumstances. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). It is well established that the trial court has wide discretion to grant or deny relief pursuant to Rule 60(b), A.R.Civ.P., and its decision will not be reversed absent an abuse of discretion. Stanfield v. Smith, 551 So.2d 1069 (Ala.Civ.App.1989). The trial court must balance the need to remedy injustice against the need for finality of judgments and a strong presumption of correctness attaches to the trial court’s determination. Stanfield. In deciding whether there was an abuse of discretion, this court looks to the grounds presented by the motion and to the matter presented in support of the motion. McLeod. To obtain relief under the rule, at least one of the grounds in the rule must be alleged and proved. Porter v. Mobile Pulley & Machine Works, 507 So.2d 529 (Ala.Civ.App.1987).
We considered similar facts in Ex parte State ex rel. Smith, 540 So.2d 69 (Ala.Civ.App.1989), and determined that the trial court was in error when it ordered blood tests that effectively reopened the issue of paternity. That issue had been decided over a year before and the time for filing an appeal had expired.
The record reveals no other grounds or allegations by Cobb to support reopening the prior adjudication of paternity at this late date.
In view of the above, the writ is to be granted unless the trial court, within ten days, withdraws its prior order requiring blood tests and overrules Cobb’s motion to reconsider.
WRIT GRANTED CONDITIONALLY.
INGRAM, P.J., and RUSSELL, J., concur.