ROBERTSON, Presiding Judge.
Lela Medley (employee) filed suit for workers’ compensation benefits after sustaining an injury to her sternum on April 10, 1989, while performing her job for Georgia-Pacific Corporation (employer).
Following an ore tenus proceeding, the trial court entered a judgment providing in pertinent part as follows:
“That [based] upon the proof in this case, including the medical evidence, and the court’s observation of the [employee], the [employee] is permanently and totally unable to perform her trade or unable to obtain reasonable gainful employment, and the court finds that the [employee] suffers a 100% permanent and total disability to the body as a whole with a consequent 100% loss of earning capacity. Based upon the testimony, the court finds that even though [the employee] had multiple medical problems prior to April 10, 1989, [the employee] was performing her job normally and clearly to the satisfaction of her employer; therefore, the court finds that [the employee’s] permanent and total disability is a proximate result of her on-the-job injury of April 10, 1989....”
The employee was .awarded benefits accordingly.
The employer appeals, contending that the employee failed to establish medical causation and that the trial court erred by finding that the employee’s current disability was a proximate result of her on-the-job injury based solely upon the employee’s job performance before and after her accident.
At the outset, we note that in reviewing workers’ compensation cases, this court will first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, we must then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The test for total disability is the inability to perform one’s trade or to obtain reasonably gainful employment. The employee is not required to be absolutely helpless or suffer total physical disability. Price’s Bar-B-Que v. Carter, 541 So.2d 38 (Ala.Civ.App.1989).
The record reflects that the employee was injured on the job in April 1989, when she was struck in the chest by a pipe, resulting in a fracture of her sternum. She received medical treatment for her injury but did not return to work after the accident. There was testimony at trial that the employee’s sternum had not responded fully to treatment and had failed to heal properly. The employee testified that she cannot perform even light physical activity without experiencing severe pain in her chest and that she takes pain medication on a daily basis. She stated that she has been unable to work since the accident.
The employee was 62 years old at the time of trial. She has a limited educational background (approximately a fourth-grade education), and all of her employment experience has been in manual labor jobs. She worked for the employer for eleven and one-half years prior to her accident.
There was evidence before the trial court that the employee has had a number of medical problems — including bronchitis, spondylosis, kyphoscoliosis, and arthritis— that have required treatment at some time or another. These conditions preexisted the employee’s accident; however, the evidence showed that they did not impair the employee’s ability to earn wages and that prior to her accident she performed her job to the satisfaction of the employer at all times.
As a general principle, a preexisting condition, as defined in § 25-5-58, Code 1975, is not present for purposes of compensation if prior to the accident the employee was able to perform her duties. Scott Paper Co. v. Smith, 600 So.2d 269 (Ala.Civ.App.1992); Phenix Medical Park Hospital v. Kozub, 575 So.2d 1162 (Ala.Civ.App.1991). See also International Paper *308 Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App.1986).
The employer contends that the above-cited principle does not obviate the necessity that the employee present evidence establishing a causal relationship between her current disability and her on-the-job injury. The employer argues that no evidence of medical causation was presented to the trial court.
The determination of medical causation is not an exact science and may be viewed in light of attending circumstances on a case-by-case basis. Valley Steel Constr. v. Prater, 479 So.2d 1259 (Ala.Civ.App.1985). As the finder of facts in workers’ compensation cases, “the trial court is authorized to draw any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.” Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989). This court cannot reweigh the evidence; instead, we must accept the trial court’s finding of medical causation if there is any evidence to support it. Jefferson County v. Cunningham, 521 So.2d 37 (Ala.Civ.App.1987).
Here, we find ample evidence from which the trial court could have concluded that the employee’s on-the-job injury, and not her preexisting condition, was the medical cause of her permanent and total disability. The employee was able to perform her work for the employer for eleven and one-half years with her preexisting medical infirmities. She testified that the pain resulting from the injury to her sternum made it impossible for her to continue performing her job.
The medical evidence included testimony from Dr. David McClain, an expert in internal medicine. He testified that, with her other medical conditions, in his opinion, the employee was 100% permanently and totally disabled. Also, Dr. William Crunk, a vocational rehabilitation expert, testified that the employee was 100% permanently and totally disabled and that “she is out of the work force permanently.” There was medical evidence before the trial court that her fractured sternum had not healed properly and that the pain and debility the employee complained of were consistent with such an injury. Therefore, although some of the medical testimony did not specify the exact percentage of the employee’s disability attributable to her injury as opposed to her preexisting conditions, it could reasonably be inferred that her disability was the proximate result of her on-the-job injury.
The record reflects ample legal evidence to support the findings of the trial court, and we hold that a reasonable view of that evidence supports the trial court’s judgment.
AFFIRMED.
THIGPEN and YATES, JJ., concur.