Jean H. Clemons and William Clemons met in 1989 and were married on August 27, 1989. On March 22, 1990, the wife filed a complaint for divorce. The complaint alleged, inter alia, that the parties had "a considerable estate worth in excess of $500,000" and requested "an equitable division by awarding to the parties their separate properties in their respective names." The wife amended her complaint to allege that the husband had committed adultery and that in February 1990 the husband committed acts of violence on the wife, causing her to suffer injuries and damages. The wife again amended her complaint and requested that the trial court award her $75,000 in punitive damages for injuries she claimed to have sustained as a result of assault and battery.
The husband filed a counterclaim, which alleged that there existed a complete incompatibility of temperament between the parties and requested that the trial court make an equitable division of the real and personal property and the debts of the marriage.
Following an ore tenus proceeding, the trial court entered a judgment which provided in pertinent part:
 "THREE: That the [wife] shall pay to the [husband] the sum of $30,000 to compensate him for the sum required to satisfy the debt on the realty located at Golfview Drive and for which a judgment is hereby entered in favor of the [husband] and against the [wife] and for the enforcement of such, a lien is hereby granted to the [husband] on the [Golfview Drive property]. . . .
 "FOUR: With the exception of the above lien, the parties shall retain the realty presently in their respective names and the untitled party is divested of any right, title, or claim thereto.
". . . .
 "NINE: That all relief not herein granted is hereby denied, the court finding that either the respective burden of proof failed or that the testimony of the witnesses and parties was incredible." (Emphasis added.)
The wife contends on appeal that the trial court erred in awarding a $30,000 judgment to the husband; that the trial court erred in failing to award any damages on the wife's assault and battery claim; and that the trial court erred in allowing the wife's former attorney to testify.
We first note that, when evidence is presented ore tenus, the trial court's judgment is presumed correct on appeal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kelley v. Kelley, 600 So.2d 303 (Ala.Civ.App. 1992). This court will not reverse that judgment absent a showing of an abuse of discretion. Murray v. Murray,598 So.2d 921 (Ala.Civ.App. 1992). The credibility of oral testimony is addressed to the trier of facts, and this court cannot substitute its own judgment for that of the trial court. Cox v.Cox, 395 So.2d 1027 (Ala.Civ.App. 1981).
The record reflects that the wife owned a home and seven rental units in Colbert County, Alabama, valued at over $230,000, for which she was receiving $1,847 per month in rental income. She also receives $446 per month in Social Security benefits. The marital home on Golfview Drive, Arab, Alabama, which was awarded to the wife, is valued at approximately $110,000. The husband owns a trailer park in Arab, which is valued at approximately $150,000, from which he receives rental income of approximately $1,200 per month. He lives in a trailer at the park.
The parties looked at the Golfview Drive house before they were married and decided to buy it to live in after the marriage. The husband paid the $1,000 earnest money payment, but the wife paid the balance of the equity by check in the amount of $51,841.75. The house was purchased on August 18, 1989, for $86,000 and title was put in the *Page 433 
wife's name. There was a mortgage assumed on the property. The parties lived in that home until their separation in March 1990. The wife was living there at the time of trial.
The record reflects that the husband sold his home, which he owned before the marriage, on October 23, 1989, for which he received $39,822.90. He placed this money in his checking account. Canceled checks introduced into evidence show that the husband paid $33,787.57 on November 14, 1989, to Fleet Mortgage Company to pay off the mortgage on the Golfview Drive property; that he paid $3,850 for cabinets and $3,386.59 for carpeting in the new home; and, that he paid $2,326.26 for painting, building materials, and other items for the Golfview Drive property. The husband testified that he borrowed other money, which was placed in his checking account to cover expenses and purchases.
The wife admitted that the husband paid the $1,000 in earnest money, paid for carpet and kitchen cabinets in the house, and paid off the mortgage balance owed on the house. She claimed, inter alia, that she repaid the $1,000 earnest money on the date of closing and had refunded $3,000 to the husband on another occasion from an insurance settlement. She mainly contends that she had given the husband $30,000 in cash, in $100 bills, when they were at her house in Colbert County. She claimed that she got the cash from her brother and that he witnessed the transaction. The wife had no receipts, canceled checks, or anything to show any proof of payment. She claims that the husband gave her a receipt for the $30,000, but that he obviously knew where she put the receipt and stole it back from her.
Barbara Tidwell, a life-long close friend of the wife, testified that she, her husband, the wife, and the wife's brother, Johnny Holland, drove to the wife's house in Colbert County on December 30, 1989. She testified that she saw Mr. Holland empty some money from a sack and that some papers were passed around and signed, but that she did not see the content of the papers.
Johnny Holland testified that he went to his sister's house on December 30, 1989, and lent her $30,000 in cash to pay for the house and that she gave the money to the husband. He testified, however, that they went to another house, where a receipt for the money was signed.
The husband testified that the wife never repaid him $30,000 in cash and that he did not recall being in Colbert County when she claimed that she gave him $30,000 in $100 bills. His bank records reflected a $3,000 deposit which, he testified, was the only money he received from the wife toward the mortgage payoff and home improvement costs.
After careful consideration of the record evidence, and the lack thereof, some of which the trial court found to beincredible, we cannot hold that the trial court's judgment awarding the husband $30,000 from the marital home was plainly and palpably wrong or an abuse of discretion.
The wife also contends that the trial court erred in failing to award her a judgment on her claim for assault. The wife testified that after Christmas in 1989, the husband slapped her and kicked her, for which she received medical treatment. She testified that she did not mention anything about the abuse when her deposition was taken because the husband had threatened her.
Mrs. Tidwell testified that in May 1990 she and Mr. Holland went to the wife's house in Colbert County; that the wife had a black eye and bruises on her left side; and that the wife told her the husband had beaten her up. Dwight Freeman testified that he had, in May 1990, when he lived at the husband's trailer park, seen bruises on the wife's face, neck, and shoulder. Freeman had moved from the trailer park and admitted on cross-examination that he was a friend and frequent visitor to the wife's home on Golfview Drive. The husband denied ever beating the wife or giving the wife a black eye. There was much disparity in the pleadings and the testimony of the wife and her witnesses as to the dates and places of the alleged physical abuse. The wife introduced some pictures made in Colbert County months after the divorce action was filed, showing what appeared *Page 434 
to be "bruises." The wife also hid a tape recorder and recorded a lengthy conversation with the husband, wherein she attempted, unsuccessfully, to get him to make adverse statements.
In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of the witnesses, and it should accept only that testimony which it considers worthy of belief. Brown v. Brown, 586 So.2d 919 (Ala.Civ.App. 1991). The trial judge was in a better position than we are to evaluate the witnesses' testimony. Malcom v. Wilson,534 So.2d 241 (Ala. 1988). If a witness does not testify truthfully to a material fact, the trial court may disregard that witness's testimony altogether in reaching a decision. James v. James,532 So.2d 1031 (Ala.Civ.App. 1988). Also, the credibility of a witness may be attacked by evidence of a conviction of a crime involving moral turpitude. § 12-21-162, Code 1975. The record reflects that in February 1988 the wife was convicted of felony shoplifting and that Mr. Holland, her brother, had been convicted twice of bank robbery in the 1960s, for which he served time in prison.
In view of the conflicting evidence before the trial court, we cannot hold that it committed an abuse of discretion in denying the wife's claim for assault or that its judgment as to this issue was plainly and palpably wrong.
The wife also argues that the trial court erred in allowing the wife's former attorney to testify. The wife's former attorney testified that the wife retained him for her divorce; that he did not recall the date that the wife came into his office; and that he did not recall whether or not the wife had a black eye or bruises when she came to his office. He did not testify as to any conversation he had with the wife. He simply testified that he did not recall whether she had bruises. Section 12-21-161, Code 1975, provides that no attorney shall be competent or compelled to testify for or against the client as to any matter, the knowledge of which may have been acquired from the client, unless called to testify by the client. In this case, we do not find the testimony of the former attorney to rise to the level of reversible error. Rule 45, Alabama Rules of Appellate Procedure.
The trial court's judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.