YATES, Judge.
On February 4, 1992, the trial court entered an order in this workers’ compensation case approving an agreement between Angela R. Clark (employee), acting pro se, and the Mobile County Health Department (employer), in which the parties agreed to settle all claims, except future medical expenses, for the amount of $8,613. On June 3, 1992, the employee, acting through counsel, filed a timely “plaintiffs motion for relief from judgment and for further relief.” She alleged that the employer obtained the settlement through fraud, misrepresentation, or other misconduct in that, she claimed, the employer failed to disclose that it planned “to deprive the [employee] of her employment in retaliation for or on account of her assertion of her right to compensation for her work related injury.”
*788 On September 28,1992, the employee filed a notice of withdrawal of the motion for relief “electing instead to proceed in a separate civil action for retaliatory discharge.” Subsequently, on October 2, 1992, the employee filed a motion to set aside her notice of withdrawal of the motion for relief. On October 13, the same day as the trial court granted the employee’s motion to set aside the notice of withdrawal, the employer filed a motion objecting to the motion to set aside, alleging that the motion was untimely. The trial court then called for letter briefs and permitted oral argument on the motion. On January 6,1992, the trial court again entered an order on the employee’s motion to set aside her notice of withdrawal of the motion for relief. At this time the trial court denied the employee’s motion, and she timely appeals.
The employee’s sole contention is that her motion for relief should not have been treated as a Rule 60(b)(3), Alabama Rules of Civil Procedure, motion, although it may have been “couched in such terms.” She cites to this court several cases in which motions for relief from settlement in workers’ compensation cases were granted pursuant to Rule 60(b)(6) and contends that the same reasoning applies in the present ease. However, in the cases cited, the employee was found to be incompetent to understand the settlement and relief was granted under Rule 60(b)(6). In the present case the employee’s motion for relief was based on allegations of fraud, misrepresentation, or other misconduct and tracked the language of Rule 60(b)(3).
Rule 60(b) provides in pertinent part as follows:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
Relief may not be obtained pursuant to Rule 60(b)(6) if it was available under one of the other subdivisions of the rule. Hill v. Townsend, 491 So.2d 237 (Ala.1986). If the four-month period has run, a motion enumerating the grounds in Rule 60(b)(l)-(3) may not be granted under Rule 60(b)(6). Id. In addition, we note that relief pursuant to Rule 60(b)(6) is intended for extraordinary circumstances and is available only in cases of extreme hardship or injustice. Stanfield v. Smith, 551 So.2d 1069 (Ala.Civ.App.1989). The broad power granted by the rule does not relieve a party from the free, calculated, and deliberate choices which she has made. Id.
We cannot find that the trial court improperly denied the employee’s motion to set aside her notice of withdrawal of the motion for relief. The employee’s motion requested relief pursuant to Rule 60(b)(3); therefore, relief was unavailable under Rule 60(b)(6). Hill. The employee’s motion to set aside was filed almost eight months after the judgment approving the settlement agreement and, therefore, was outside the four-month time limit of Rule 60(b)(3). We further note that the employee made the choice to proceed in a separate civil action for retaliatory discharge when she withdrew her motion for •relief.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.