ROBERTSON, Presiding Judge.
This is an appeal from the denial of a Rule 60(b), Ala.R.Civ.P., motion. This is also the second time that this case has been before this court for appellate review regarding the alleged payment of $30,000 by the wife to the husband. See Clemons v. Clemons, 627 So.2d 431 (Ala.Civ.App.1993), wherein we affirmed the trial court’s judgment.
On March 31, 1992, the trial court entered a judgment divorcing the parties, William Clemons and Jean H. Clemons. In the divorce judgment, the wife was ordered to pay the husband the sum of $30,000 to compensate him for having paid the outstanding mortgage on a piece of real estate in the wife’s name, which she retained. See Clemons, supra, for the facts involving this transaction. The Alabama Supreme Court denied certiorari review of Clemons on August 27, 1993.
On September 27, 1993, the wife filed a Rule 60(b) motion, requesting that the trial court set aside the portion of the divorce judgment directing her to pay the husband $30,000. The wife alleged: (1) that she had paid the $30,000 to the husband and that he had given her a written receipt of this payment; (2) that the absence of the receipt at trial was a substantial factor in the trial court’s judgment; (3) that since the trial, she had recovered the receipt; and (4) that the husband had perpetrated a “fraud upon the court.”
On October 25, 1993, the trial court held that the wife’s Rule 60(b) motion for relief from judgment would be treated as a motion pursuant to Rule 60(b)(6), Ala.R.Civ.P.
*832 Following an ore tenus proceeding on January 6, 1994, the trial court, on February 7, 1994, denied the wife’s request for Rule 60(b) relief, on the authority of Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977), and Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987). The wife’s post-judgment motion was denied.
The wife appeals, contending that the trial court abused its discretion by denying her Rule 60(b) motion.
Rule 60(b) provides in pertinent part that: “[T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (6) any ... reason justifying relief from the operation of the judgment.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment ... to relieve a party from a judgment, order, or proceeding, or set aside a judgment for fraud upon the court.”
However, in order to obtain Rule 60(b) relief, the moving party must allege and prove at least one of the grounds in the rule. Briscoe v. Briscoe, 600 So.2d 290 (Ala.Civ.App.1992). The remedy provided by Rule 60(b), Ala. R.Civ.P., is an extreme remedy that is only available under extraordinary circumstances. State ex rel. Morris v. Cobb, 571 So.2d 1146 (Ala.Civ.App.1990). It is well settled that the trial court has wide discretion to grant or to deny relief under Rule 60(b), and that absent an abuse of that discretion its judgment will not be disturbed on appeal. Id. In determining whether there has been an abuse of discretion, this court will look to the grounds presented by the motion and to the evidence presented in support of the motion. Id.
At the hearing on the Rule 60(b) motion, the wife contended that she had paid the $30,000 to the husband; that she had recently recovered what she claimed to be a “receipt” showing this payment; and that this “receipt” was evidence that the husband had perpetrated a fraud upon the court by falsely testifying at the trial that he had not received payment of this sum.
Furthermore, the wife testified that after discovering the “receipt,” she had shown it to her friend and tenant, Opal Gordon, who had made several photocopies of it, and to her then attorney, Lindsey Davis, who also had made photocopies of the “receipt.” However, the wife testified that she had subsequently lost the “receipt” after having made copies of it at a library. Thus, in the absence of the “receipt,” most of the testimony at the hearing on the Rule 60(b) motion concerned the authenticity of the copies of the “receipt.”
At the hearing, the wife presented the testimony of Gordon, Davis, and Lamar Miller, a forensic document examiner, in support of her allegation that the copies of the “receipt” were authentic.
Gordon testified that she had seen the “receipt” and had made several photocopies of it for the wife. Gordon also testified that she had signed a notarized document stating that a certain paper purporting to be a copy of the “receipt” was a “true and correct copy made from the original.”
Davis, who withdrew as the wife’s attorney at the Rule 60(b) hearing in order to testify, stated that she also had seen the “receipt” and had made several photocopies of it for her files. Davis further testified that she had returned the “receipt” to the wife after informing her that it would have to be examined for authenticity.
Miller testified that, after examining one of the copies of the “receipt,” designated “Plaintiffs Exhibit Two,” he had concluded that the signature on the document was the “authentic” signature of the husband. Miller further testified that he also had examined “Plaintiffs Exhibit Two” to determine if the signature on the “receipt” had been altered, manipulated, or transferred to the document in the photocopying process, but that he had found no evidence that it had been.
The husband’s testimony was basically the same as his testimony at the divorce trial, i.e., that he had not received a $30,000 cash payment from the wife.
Brian Carney, a document examiner retained by the husband, testified that he had examined two papers said to be copies of the original “receipt,” “Plaintiffs Exhibit Two” *833 and “Defendant’s Exhibit Two.” Carney stated that “Plaintiffs Exhibit Two,” the copy Miller had examined, was a “less detailed copy, meaning a poorer quality copy for examination purposes” than was “Defendant’s Exhibit Two,” which he described as “an earlier generation or better quality copy.” Carney testified that the results from an examination of the earlier generation copy would be more reliable.
Unlike Miller, Carney had determined that the date on the copy designated “Plaintiffs Exhibit Two” had been altered and that the signature on the copy designated “Defendant’s Exhibit Two” had been manipulated and transferred onto that document. Further, Carney testified that because “Plaintiffs Exhibit Two” was of poor quality, he could not determine whether the signature on it had been manipulated. However, Carney concluded that even though it was highly probable that the signature on “Defendant’s Exhibit Two” was the “genuine” signature of the husband, he did not know how the signature had come to be upon that document.
The record reflects that the trial judge noted a difference between the “8” in the date on “Defendant’s Exhibit Two” and the “8” in the date on “Plaintiffs Exhibit One,” which was another copy of the “receipt” that Davis, who then was still acting as the wife’s attorney, stated was the “same” as “Plaintiffs Exhibit Two.”
Each party presented conflicting testimony as to the copies’ authenticity. This court has held that “it is not palpable error for the trial court to deny a Rule 60(b) motion where there is a conflict in testimony regarding essential facts.” C.W. v. State Dep’t of Human Resources, 590 So.2d 306, 307 (Ala.Civ.App.1991). Moreover, the trial court is in a better position than is this court to determine the weight to be accorded to the testimony of the witnesses, and as the trier of fact, it may consider the demeanor of the witnesses and their apparent candor and evasiveness in evaluating their testimony. Swann v. Swann, 627 So.2d 429 (Ala.Civ.App.1993). Further, the same trial judge that heard the testimony in the divorce proceeding also heard the testimony in this Rule 60(b) proceeding.
The trial judge had the opportunity on two occasions, at the divorce proceeding and at the Rule 60(b) hearing, to observe the demeanor of the wife, the husband, and the other witnesses and to evaluate the credibility of each witness’s testimony. Thus, the trial judge had an unusually thorough knowledge of the facts of this case, particularly the conflicting testimony and facts that pertained to the alleged $30,000 cash payment. He apparently found the testimony of the husband and his witnesses to be more credible or believable than the testimony of the wife and her witnesses.
After reviewing the record, we cannot hold that the trial court committed an abuse of discretion in denying the wife’s Rule 60(b) motion. Therefore, the judgment of the trial court is due to be affirmed.
The husband’s request for an attorney fee on appeal is granted in the amount of $750.
AFFIRMED.
THIGPEN and YATES, JJ., concur.