HOLMES, Judge.
This is a declaratory judgment action involving Alabama’s workmen’s compensation law.
The trial court determined that the defendant widow was entitled to the deceased employee’s workmen’s compensation benefits. The minor children from prior marriages of the deceased employee appeal. The minor children contend the trial court erred in awarding the workmen’s compen *855 sation benefits to the widow to the exclusion of the minor children. We affirm.
Section 25-5-62, Code of Ala.1975, is as follows:
A wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law or father-in-law who was wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his total dependents, and payment of compensation shall be made to such total dependents in the order named. (Emphasis supplied.)
It is the duty of the court to ascertain and give effect to the legislative intent as expressed from the words of a statute. Alabama Surface Mining Reclamation Commission v. Jolly and Slatton, Ala.Civ.App., 373 So.2d 855 (1979); State v. Steel City Crane Rental, Inc., Ala.Civ.App., 345 So.2d 1371 (1977).
Performing that duty, it is clear to this court that the trial court is not in error in determining that the widow is to receive the entire workmen’s compensation benefits of her deceased husband to the exclusion of the deceased husband’s minor children from prior marriages. This is so because “payment of compensation shall be made to such total dependents in the order named” can have no other meaning. Put another way, each class of beneficiaries of workmen’s compensation benefits, as designated by § 25-5-62 takes in the order set out in the statute to the exclusion of after named beneficiaries.
Justice Livingston, over thirty-five years ago, in Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 480, 3 So.2d 46, 49 (1941), interpreted the code section in question as we have above. In Alexander, supra, we find the following:
The statute expressly states that the parties named therein shall take “in the order named.” To justify an award to the half sister of deceased, the evidence must show the death or non-dependency of all those in a class ahead of the sister (in this case half sister). .•
This court is aware of § 25-5-60(l)c, which is as follows:
If one of two or more dependents is a widow or widower, the compensation may be paid to the widow or widower for the benefit of herself or himself and the dependent child or children. In its discretion and when it considers appropriate to do so, the court shall at any time have the power to determine, without the appointment of any guardian or guardians, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian or custodian of such child or children.
In view of § 25-5-60(l)(c), the trial court has discretion to apportion benefits between a widow and minor children. However, the trial court is not required to do so.
In this instance, in view of § 25-5-62, the trial court did not err to reversal.
The case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P. J., dissents.