This is a workmen's compensation case. On November 12, 1977 Gary Pate was killed in an accident arising out of and in the course of his employment with Miller Transporters. Defendant Miller Transporters admitted that Gary Pate was an employee of Miller Transporters, that he suffered an injury, by accident, while in the line and scope of his employment and as a result of those injuries he was killed. Miller Transporters further admitted that it and the decedent were subject to the Alabama Workmen's Compensation Law at the time of the accident. Notice was given, as required, and Miller Transporters deposited funds with the Clerk of the Circuit Court of Tuscaloosa County with which to pay, in part, the benefits due to dependents who qualify for such awards pursuant to the Alabama Workmen's Compensation Death Benefits Statute.
The decedent, Gary Pate, and Mary Pate Brown were married on June 24, 1968. Two children were born of this marriage. On June 30, 1972 this marriage ended in divorce, with Mary Pate Brown getting custody of their two children. Gary Pate was ordered to pay $130.00 per month for the support of his two natural children. These two children are now ages eight and seven. *Page 66 
At the time of his death, Gary Pate was married to Patricia Ann Hocutt Pate, his second wife. Patricia Ann had been previously married, had two children by this marriage, and had been divorced. That divorce decree awarded custody of the children to Patricia Ann and ordered support payments of $100.00 per month to be paid by her ex-husband. These stepchildren resided with Gary Pate until his death and were in some degree dependent on him for their support. The stepchildren are now ages ten and eight.
The action below was brought by Gary Pate's natural children against the decedent's widow, stepchildren, and Miller Transporters. The decedent's widow, Patricia Ann Pate, claimed compensation for herself as widow and for her children as the stepchildren of the deceased. The plaintiffs admitted that the decedent's widow was entitled to benefits but deny that the decedent's stepchildren are so entitled.
The trial court made the following findings: (1) the defendant stepchildren were members of Gary Pate's family and were "dependent" on him within the meaning of § 25-5-1 (2) of the Code of Alabama 1975; (2) Miller Transporters should pay $120.00 per week for five hundred weeks to be divided one-fifth to each of the dependents of Gary Pate surviving, which includes the decedent's two natural children, his two stepchildren, and his widow, Patricia Ann Pate; and (3) the attorneys representing the dependents are entitled to a fee equal to fifteen percent of the recovery of their respective clients. The natural children of Gary Pate appeal the trial court's decision.
Under the Alabama Workmen's Compensation Law, minor "children" under the age of eighteen years are conclusively presumed to be wholly dependent upon a decedent, § 25-5-61 (3), Code of Alabama 1975.
The primary issue for our consideration is whether stepchildren living with the decedent at the time of his death should be included in the term "children" as used in § 25-5-61
(3), Code of Alabama 1975, and should thus be given the benefit of the conclusive presumption of dependency.
The natural children of the decedent argue that this issue has been previously decided in Ex parte Cline, 213 Ala. 599,105 So. 686 (1925). In that case the court held that "children" within the conclusive presumption of dependency include only those of the first degree. The court defined children in the first degree as children born in the family of the deceased; dependents by nature, for whose care, support and training the law makes the father responsible. We find this case distinguishable. Ex parte Cline did not distinguish between children and stepchildren but presented the question whether a grandchild, who was orphaned at an early age and raised by his grandparents, upon whom he was wholly dependent, could receive workmen's compensation benefits. Also in Cline the court in its opinion noted that the legislature had included stepchildren within the statutory scheme of dependents. We agree.
If stepchildren are not within the § 25-5-61 definition of "children," they cannot take under any statutory provision. Section 25-5-62 of the compensation statute lists the different classes of takers under the act and the order of compensation. This provision lists wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law as the "classes" of dependents capable of receiving benefits. Stepchildren are not within this provision; therefore if a stepchild is not considered to be a child under the statute, stepchildren will not be entitled to any benefits under the compensation act. We do not believe the legislature intended such a result.
Section 25-5-1, Code of Alabama 1975, is the definitional statute for the workmen's compensation act. This section defines the term "child or children" as follows:
 (2) Child or Children. Such terms include posthumous children and all other children entitled by law to inherit as children of the deceased; stepchildren who were members of the family of the deceased, at the time of the accident, and dependent upon him for support; a *Page 67 
grandchild of the deceased employee, whose father is dead or is an invalid, and who was supported by and a member of the family of such deceased grandparent at the time of the accident.
It is evident that stepchildren are included within § 25-5-1
(2) only if they are members of the family of the decedent at the time of the accident and are dependent upon him for support. In the present case the decedent's stepchildren were living with the decedent and therefore were "members of the family." The issue turns on whether the stepchildren were dependent upon the decedent for support. Although the stepchildren received court-ordered support of $100 per month from their natural father, the evidence shows that the deceased had furnished more than this amount monthly in support of his stepchildren.
The trial court found as a fact that the stepchildren of the decedent were dependent upon him for support within the meaning of § 25-5-1 (2). We agree. We therefore hold that the decedent's stepchildren were members of his family and were "dependent" upon him within the meaning of § 25-5-1 (2) of the Code of Alabama 1975. Thus the stepchildren are within the statutory definition of children and are entitled to an equal share of the benefits to be awarded under the Workmen's Compensation Act.
A second question for our consideration is whether the trial court abused its discretion in apportioning the workmen's compensation benefits among the claimants. The trial court is given the discretion of dividing benefits among claimants under § 25-5-60 (1)c, of the Code of Alabama 1975, which provides:
 c. . . . In its discretion and when it considers appropriate to do so, the court shall at any time have the power to determine, without the appointment of any guardian or guardians, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian or custodian of such child or children.
The trial court determined that the decedent's stepchildren were within the definition of "children" under the workmen's compensation act and, therefore, should take in equal parts with the decedent's natural children. We can find no abuse of discretion in treating members of the same class equally where such is provided for by statute. See Blansit v. Cornelius andRush Coal Co., 380 So.2d 854 (Ala.Civ.App. 1979).
The third issue presented to this court is whether the trial court should have provided for reapportionment of the compensation award in the event of death or remarriage of the decedent's widow. Section 25-5-66 of the Code of Alabama 1975 provides for reapportionment in the event of remarriage of the widow and § 25-5-69 provides for the event of death or marriage of a dependent. Both code sections are clear and unambiguous and it would be expected that the mandates of the two provisions of law would be observed. We find that the trial court committed no error in failing to provide for the above mentioned contingencies since such occurrences are covered by statute.
The fourth issue before this court is whether the trial court erred in awarding attorney fees. Section 25-5-90 of the Code of Alabama 1975 provides for attorney fees in workmen's compensation cases and states that such fees shall not exceed fifteen percent of the compensation awarded. The statute also provides that the trial judge "shall fix the fee of the attorney for the plaintiff." This language indicates that the compensation of each attorney shall be based on the compensation awarded his particular client. The trial court properly awarded the attorneys representing the dependents a fee equal to fifteen percent of the recovery of their respective clients. We therefore find no error with such an award.
On appeal of a case involving a workmen's compensation claim, this court reviews the findings of the trial court only to determine if they are supported by any legal evidence and reviews the judgment only to determine if it contains the proper *Page 68 
application of law to fact. City of Enterprise v. Herring, Ala.Civ.App., 372 So.2d 358 (1979).
We have reviewed the evidence before the trial court and the court's findings of fact and conclude that the findings are supported by legal evidence. The trial court's judgment is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result, but disagrees with expressions in the opinion which may conflict with his dissent in the case of Blansit v. Cornelius and Rush Coal Co., supra.