This is a workmen's compensation case.
Claimant, William Armstrong, age forty-eight, is married and has four children. He is unable to read or write except to sign his name. In the past claimant has performed various types of unskilled labor. He has never held a supervisory position.
In January 1979 claimant began work for Lewis and Associates Construction Company (employer) as a general laborer, earning an hourly wage of $3.00 and a weekly wage of approximately $120. On February 7, 1979, while on a job site for employer, claimant injured his back lifting a cement form weighing between 100 and 150 pounds. The day after the accident, claimant informed his supervisor of the injury and was sent to Dr. Buren Wells. After initial treatment by Dr. Wells, claimant received treatment by Dr. William Silvernail, a neurosurgeon, and Dr. Robert Moore, an orthopedic surgeon. Claimant was then treated by Drs. Joseph F. Kersey and Doug McKeown, psychologists.
Dr. J.C. Serrato, Jr., who treated claimant for his back injury from March 1979 until November 1980, diagnosed claimant's malady as a "soft tissue ligament type of injury of the lumbosacral spine, or a trauma to the ligaments of the disc," or in *Page 334 
everyday vernacular, a "lame back or sprung back" and that claimant has spondylolisthesis, which existed prior to claimant's back injury. Dr. Serrato assigned a five percent permanent disability rating to claimant's body as a whole.
Because of continued complaints of pain, claimant was referred to the Pain Rehabilitation Clinic in Columbus, Georgia, for psychological consultation. After undergoing a series of tests, interviews and evaluations, claimant was determined to have "somaticized his difficulties and developed a hypochondriacal neurosis." Claimant was advised not to resume construction work. Claimant received disability benefits for eleven and one-half months.
Claimant presently does not work, drive or participate in the sports or social activities that he did prior to his injury. He testified that he has experienced constant and severe pain in his lower back and intermittent pain in his feet and legs since the injury.
In January 1981, claimant filed a complaint in Houston County Circuit Court alleging total and permanent disability resulting from a job-related injury of February 7, 1979. In September 1983 the trial court entered judgment finding that claimant had suffered a five percent loss of ability to earn as a result of the injury. Claimant petitioned this court for certiorari.
The only issue raised by claimant is whether the trial court's decision that claimant suffered only a five percent loss of ability to earn as a result of his injury, is supported by legal evidence.
On appeal, review of a workmen's compensation case is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. Allen v. Metro Contract Services,Inc., 421 So.2d 1289 (Ala.Civ.App. 1982). The reviewing court may, however, examine the trial court's application of the law to the facts, Pate v. Miller Transporters, Inc., 381 So.2d 64
(Ala.Civ.App. 1979), aff'd, 381 So.2d 68 (Ala. 1980), and the legal conclusions drawn by the trial court. Newman Brothers,Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App. 1977), cert.denied, 354 So.2d 1142 (Ala. 1978).
It is established that claimant suffered a soft tissue injury to his back in the performance of his employment.
The essential dispositive question is whether a claimant's psychosomatic, hypochondriacal pain, proximately resulting from a physical injury is properly considered in determining disability to earn under the Workmen's Compensation Law.
Factors other than strict medical physical disability are properly considered in determining disability in workmen's compensation cases. See, Allen v. Metro Contract Services,Inc., supra; See, e.g., City of Muscle Shoals v. Davis,406 So.2d 919 (Ala.Civ.App.), cert. denied, 406 So.2d 923 (Ala. 1981); Brunson Milling Company v. Grimes, 267 Ala. 395,103 So.2d 315 (1958). In Fruehauf Corporation v. Prater,360 So.2d 999, 1001 Ala.Civ.App.), cert. denied, 360 So.2d 1003 (Ala. 1978), this court held,
 "[T]hat if it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which neurosis causes or contributes to an occupational or physical disability, such disability is compensable."
Recognizing the distinct possibility of a malingering claimant, in the absence of objective symptoms, that possibility may be minimized by a vigilant, discerning trial judge and the "difficulty of proof may be overcome by the use of expert medical testimony and/or objective evidence." Id.
In light of our sayings in Fruehauf and the further observation that each case must be considered upon its own facts, the question is whether, in this case, the claimant's alleged psychological suffering may be proximately attributable to his back injury and thereby compensable. *Page 335 
No evidence was offered suggesting that claimant is malingering. To the contrary, Dr. Kersey and Dr. McKeown stated in deposition that they found no evidence that claimant is malingering. Dr. McKeown diagnosed claimant as follows: "A primary diagnosis would be mental defective intellectual functioning; secondary diagnosis would be somatiform disorder." A somatiform disorder is generally a disorder wherein an individual's present symptoms are exacerbated by his psychological functioning. Dr. Kersey stated that claimant had developed a hypochondriacal neurosis which is an irrational or exaggerated view of physical difficulties or a preoccupation with those difficulties.
Claimant's intellectual capacity was determined by Dr. McKeown to be in the mentally defective range of intellectual functioning with a full scale I.Q. of 63. Dr. McKeown opined that claimant's prognosis for rehabilitation was quite guarded for he stated that,
 "[I]n claimant's particular case he has such lowered intellectual abilities that any attempt at insight into his particular problem would really have an insignificant effect. He generally doesn't have the capacity to understand how these two factors may be going together. What he feels is the actual pain and that's what he deals with."
Dr. McKeown further stated that, "There is a possibility that vocational rehabilitation could provide some benefits to [claimant], but even this is remote. He appears to have minimal social skills for his environment, and has minimal financial self-management skills. . . ."
The record thus contains much evidence tending to show that claimant's neurosis is not intentional as that of a malingerer. Though Dr. McKeown said that he could not state specifically the actual degree to which claimant's existing psychological problems were caused by the accident in 1979, he nevertheless stated that he could probably say "without hesitation that [claimant's] functionality has been exacerbated by that."
We recognize that the trial judge in workmen's compensation cases is the trier of fact, and our power of review does not permit us to weigh the evidence heard by him. See, Allen v.Metro Contract Services, Inc., supra; Hester v. Ridings,388 So.2d 1218 (Ala.Civ.App. 1980). We also recognize that he is not bound by the opinion of expert witnesses. Clark Lumber Co.v. Thornton, 360 So.2d 1019 (Ala.Civ.App. 1978). However, it is correct to state that the trial judge may not fail to consider evidence, particularly when it is without conflict or dispute. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala. 1980).
The judgment does not contain any finding of fact relative to the stated neurosis of claimant other than to relate the incident of his psychological counseling. The judgment then finds a five percent loss of ability to earn. That percentage of ability to earn is the same percentage of permanent physical disability assigned claimant by Dr. Serrato, who did not consider his psychological condition. There is no evidence disputing the presence of psychological problems. There was evidence of previous mental problems several years before the injury. Claimant had been committed to Bryce Mental Hospital with severe depression and was given shock treatments. However, none of the medical testimony stated any connection between that condition and his present one.
Considering the evidence we have related, the failure of the court to make any finding of fact concerning the claimant's undisputed psychological condition or a statement of the basis for the finding of a five percent loss of ability to earn, we are unable to find any evidence to support such finding. We do not know if the judge disregarded the testimony of all the witnesses that testified as to the continuation of claimant's debilitating pain and reached his own conclusions. It has been said that the trier of fact may not do that. Deal v. Johnson,362 So.2d 214 (Ala. 1978). We do not know if the trial judge, after considering the evidence, most of which was in *Page 336 
deposition, merely disbelieved it. We do not know if the court was not informed of the present law of this state as stated inFruehauf. We do know that if the court had determined claimant to be more seriously disabled than five percent, there is sufficient evidence to support his judgment.
Therefore, in view of our uncertainty of the basis for the judgment, we take the unusual procedure of reversing the judgment and remanding the case for reconsideration by the trial court, with direction for entry of a judgment with a more complete finding of fact.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.