This is a workmen's compensation case.
This is the second time that this case has been before this court. For a complete statement of the facts, see Armstrong v.Lewis Associates Construction Company, Inc., 451 So.2d 332
(Ala.Civ.App. 1984). The question considered before was whether the claimant's alleged psychological suffering might be proximately attributed to his back injury suffered while in the course of employment, and therefore itself compensable. It is the law in this state that factors other than strict medical physical disability may be properly considered in determining disability in workmen's compensation cases, see, Armstrong,supra, and cases cited therein. However, we were forced to remand the case to the trial court with instructions to enter a more complete finding of fact, as we could not tell what evidence the trial court used to arrive at its judgment, or whether the trial court considered the undisputed expert testimony of the claimant's witnesses concerning his psychological disability.
The claimant contends in this second appeal that the trial court, which on remand assigned claimant the same award, entered a judgment which is not supported by any legal evidence and disregarded undisputed expert testimony offered to support the claimant's assertions of disability.
The proper mode of review in a workmen's compensation case is by writ of certiorari. Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982). On appeal, review is limited to whether there is any legal evidence to support the findings of the trial court. Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App. 1976). A review of the weight of the evidence or whether the finding of fact by the trial court was correct is not properly before this court. Suit v. Hudson Metals, Inc.,supra. If there was any legal evidence supportive of the trial court's findings, we must affirm the court's judgment. Allen v.Diversified Products, 453 So.2d 1063 (Ala.Civ.App. 1984).
In arriving at its judgment, "[t]he trial court may consider all evidence, including its own observations, and interpret it according to its own best judgment." Allen v. DiversifiedProducts, supra. (Emphasis added.) The trial court is not bound by the opinion of expert witnesses. Clark Lumber Co. v.Thornton, 360 So.2d 1019 (Ala.Civ.App. 1978).
Pursuant to our order in the previous appeal, the trial court has entered an amended judgment, which reads as follows:
"AMENDMENT TO JUDGMENT
 "This case was reversed and remanded by the Court of Civil Appeals on May 9, 1984, with directions for this Court to reconsider the case and to enter a judgment with a more complete finding of fact.
 "In compliance with the opinion filed by the Court of Civil Appeals, the entire court file, the medical depositions offered at the trial and the transcript of the testimony which was heard orally by the Court have been once again carefully reviewed.
 "The Court remembers this case very well and recalls the demeanor of the Plaintiff and his wife at trial. The distinct impression was formed by me at trial, based upon my observation of the Plaintiff and upon hearing his testimony, that he was purposely trying to make his condition appear much worse than it really was. The Court has read and re-read the depositions of Dr. Kersey and Dr. McKeown and is well aware that those gentlemen felt that Plaintiff was not malingering; however, this Court had great difficulty in reconciling their testimony with the demeanor and manner of testifying of Plaintiff on August 9, 1983, the date of trial. Perhaps the lapse of two years and eight months from Dr. Kersey's last examination of Plaintiff (November *Page 607 
25, 1980) to the trial and the lapse of more than two years from Dr. McKeown's last examination (July 17, 1981) to trial explain somewhat the difference in what these doctors saw and what the Court saw. This Court had an abiding conviction and judgment on the date of trial that Plaintiff was malingering and still feels that Plaintiff was malingering on August 9, 1983. This was the basis for the Court's finding of only a 5% loss of ability to earn, which this Court still feels is right and proper."
As the defendant correctly contends, the plaintiff in a workmen's compensation case has the burden of proving, by credible evidence, all elements of his case. Simpson v. AlabamaDry Dock Shipbuilding Co., 269 Ala. 635, 114 So.2d 918
(1959). The evidence submitted by the Plaintiff in support of his contention that he is permanently and totally disabled was entirely subjective. It was based solely on information given by the plaintiff to his doctors and psychologists, none of whom could testify with conviction that the plaintiff was permanently and totally disabled as a consequence of his work-related injury. The only conclusive, competent opinion given as to the plaintiff's disability was that of a Dr. Serrato, who assigned to the plaintiff a five percent permanent partial disability to the body as a whole.
Here, where the trial court has had opportunity to view the plaintiff, and to observe his demeanor, and where the only evidence of disability offered was subjective complaints, with no organic or physical disorders either caused or aggravated by the plaintiff's work-related injury, we cannot find that the trial court has erred. From the amended judgment itself it is clearly apparent that the trial court considered the expert testimony, but simply did not believe that the claimant actually suffered from a permanent psychological disability. Based on the inconclusive testimony of the claimant's expert witnesses, and the restraints on our scope of review, we hold that the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.