ON APPLICATION FOR REHEARING
THIGPEN, Judge.
This court’s original opinion, dated September 25, 1992, is withdrawn, and the following is substituted therefor:
This is a workmen’s compensation case.
William Thomas Burton initiated an action alleging that he suffered a permanent impairment of his ability to earn wages because of an on-the-job accident on September 21, 1987, while employed by USX Corporation (employer). The employer denied the allegations of any permanent physical injury, and it argued that any psychological problems which Burton suffers are unrelated to the alleged accident. After receiving ore tenus evidence, the trial court entered a final judgment which, inter alia, found that Burton suffered a loss of earning capacity of 35% and ordered permanent partial disability benefits. One primary issue at trial concerned Burton’s credibility. There was evidence that he had been convicted of felonious child abuse, and that he had made many inconsistent statements, admissions, and denials. The trial court’s findings clearly stated that the judgment in Burton’s favor was entered despite a finding that Burton’s testimony was disregarded. The employer appeals.
The employer raises two issues on appeal. The first issue concerns whether, in light of the trial court’s finding that Burton’s testimony lacked credibility, there was any objective medical evidence that Burton suffered permanent impairment to his back as a result of the alleged accident. The second issue concerns whether the trial court erred in prohibiting testimony from Burton’s victim that she had been repeatedly raped by Burton when she was younger.
The standard for review of a trial court’s judgment in a workmen’s compensation case involves a two-step process. Initially, this court will look to see if there is any legal evidence to support the trial court’s findings. Upon finding such evidence, this court will then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that Burton was examined by several doctors. By deposition, Dr. Rogers, who is board-certified in orthopedics, testified that Burton had chronic mild fasciitis, which he defined as a chronic inflammatory process in the muscles, ligaments, and white fibrous tissues in the muscles. Dr. Langford, with the pain center at the UAB Hospital, testified that Burton was diagnosed as suffering from lumbar neuralgia with possible sacroiliac dysfunction. Dr. Cloyd, occupational physician and medical director for the employer’s Fairfield Works, testified that Burton’s diagnosis was a “lumbar strain” and resulted in an assignment of a lifting restriction.
Dr. McDaniel, a vocational expert hired by the employer, testified that Burton’s diagnoses by Drs. Rogers, Langford, and Cloyd were based on Burton’s subjective complaints of pain; i.e., the doctors indicated that their respective diagnoses were based on what Burton told them. USX argues that inasmuch as the court discounted Burton’s credibility, there was no basis for the doctors’ findings. Both Drs. Cloyd and Rogers indicated that they did not believe Burton was malingering, and that his pain was real.
USX presented testimony from Burton’s daughter that he continued his normal activities, that he did not complain of any back injury, and that he continued to hunt and fish and work on automobiles but that “he didn’t go to work.” USX also attempted to introduce testimony through Burton’s victim that she had been raped and sodom *1080 ized repeatedly when she was between the ages of seven and fourteen. USX sought to impeach Burton’s credibility inasmuch as Burton had denied at trial that he had sexually abused the victim, but later said that he had admitted that allegation to a psychiatrist and psychologist and had pleaded guilty to the charges. USX also contends that the testimony was essential to prove that Burton’s multiple psychological problems were a result of long-term sexually abusive conduct and not a result of any back injury.
It is well settled that in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observation of the witnesses. The trial court may then interpret what it has heard and observed, according to its own best judgment. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala. Civ.App.1984).
The trial court, relying on evidence presented and the stipulations of the parties, made findings as follows: that Burton suffered a work-related accident; that USX paid temporary total benefits to Burton for 66 weeks; that Burton sought medical treatment from several doctors for this injury; that the doctors’ testimony indicates that Burton suffered physical injury that is permanent; that the physical impairment caused by the injury “is separate and distinct from any psychological or psychiatric problems”; and that “the employee has sustained a loss of earning capacity and is entitled to recover benefits.” In our review of the record, we find evidence to support these findings of the trial court. This court does not weigh the evidence on appeal. Brown-Ray Development, Inc. v. Murphy, 568 So.2d 814 (Ala. Civ.App.1990).
With regard to the refusal of the trial court to allow USX to cross-examine Burton’s victim concerning that abuse, we find no error. Proof of the conviction itself allowed USX to contend that because of that prior conviction, the witness was not credible. Favor v. State, 389 So.2d 556 (Ala.Crim.App.1980). Moreover, the question of the credibility of a witness convicted of a crime involving moral turpitude is to be resolved by the factfinder. Patterson v. State, 45 Ala.App. 229, 228 So.2d 843 (Ala. Crim.App.1969). Also, while a prior conviction may have a bearing on the believability of the witness, it does not mean that the witness’s total testimony must be disregarded. Orforda v. State, 339 So.2d 1038 (Ala.Crim.App.1976). Furthermore, USX must demonstrate that the alleged error “affected substantial rights.” Rule 45, Alabama Rules of Appellate Procedure. Inasmuch as the trial court rejected Burton’s testimony on the basis that it was not credible, then there has been no substantial prejudice to the employer.
Last, we note that record evidence reveals that Burton was employed by USX for approximately seventeen years prior to the accident in question and that during those years he apparently was able to perform his job. USX’s arguments regarding Burton’s psychological problems, therefore, fail. Regardless of the existence of a preexisting condition or disease, if a worker was able to perform his duties prior to the injury, no preexisting condition is present for workmen’s compensation purposes. International Paper Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App.1986).
For the foregoing reasons, the judgment of the trial court is hereby affirmed, and the alternative petition for writ of certiora-ri is hereby denied.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.