RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
On February 6, 1992, Elizabeth Fowler (employee) suffered an on-the-job injury to the index finger of her right hand. This injury occurred while the employee was operating a machine in a plastics plant during the course of her employment with Employers Choice (employer). Thereafter, the employee filed a complaint against the employer.
A hearing was held, and the employee and her husband testified regarding her injury and the effect it had on their lives. During the course of the hearing, the trial judge was given the opportunity to view and touch both *453 of the employee’s hands. The depositions of four medical doctors and a vocational rehabilitation expert were introduced into evidence.
Following the hearing, the trial court issued an order, finding in favor of the employer. Specifically, the trial court determined that the employee had “failed to carry her burden of proof in this cause that she has sustained any permanent or continuing injuries which arose out of and in the course of her employment with [the employer].”
The employee appeals.
We note that there is a two-step standard of review in workmen’s compensation cases. First, this court must determine whether there is any legal evidence to support the finding of the trial court. If this court determines that such evidence exists, then we must ascertain whether the judgment of the trial court is supported by any reasonable view of that evidence. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
In order to reach a determination in a workmen’s compensation ease, the trial court may consider and interpret to its own best judgment all the evidence presented at the hearing, as well as its own observations of the witnesses. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala.Civ.App.1984). The trial court may consider the opinion of expert witnesses, but it is not bound by such opinions. Armstrong, 469 So.2d 605.
Our review of the record reveals that within a month of her injury, the employee had been examined and treated by three of the four medical doctors whose depositions were introduced into evidence. The first two doctors who examined the employee testified that she was complaining with pain in the index finger of her right hand, and both doctors obtained X-rays of her right hand. It was their opinion that she either suffered a mild contusion of the hand or that she dislocated her finger and it spontaneously reduced. Neither doctor was of the opinion that she had suffered a permanent impairment from the February 6, 1992, injury.
The third doctor who examined and treated the employee was a board-certified doctor of orthopedics. At the time that this doctor examined the employee, she was complaining of pain in her index finger and her right hand. He testified that after examining the employee, he thought she might be suffering from reflex sympathetic dystrophy (RSD), and he scheduled her to undergo a stellate ganglion block, which is for treatment and diagnosis of RSD. The stellate ganglion block was performed on March 11, 1992, and the test results indicated that the employee did not have any real improvement of her pain symptoms. The doctor further testified that because of the results of the stellate ganglion block, the employee “more than likely” did not have RSD. He further testified that because the employee did not return for her next appointment, he did not have a diagnosis for her condition.
The fourth medical doctor who examined the employee was a neurologist. The neurologist testified that when he examined her fifteen months post-accident, the employee was complaining of pain in her neck, her right arm, and her right hand. He testified that his examination revealed that there was a marked difference in the appearance of her two hands and that his impression was that the employee was suffering from RSD and cervical radiculopathy.
The order of the trial court provides in pertinent part:
“9. The court has carefully weighed the testimony of the [employee] in open court, wherein she testified that she experienced significant arm and neck pain immediately after the accident occurred. However, the court specifically finds that this testimony is not supported by the doctors that saw and treated the [employee] during the initial months following her injury. The testimony of those doctors specifically indicates that there was no complaint of pain in the arm and neck after the accident occurred.
“10. The court has reviewed the testimony of [the neurologist] and his opinion that the [employee] is suffering from [RSD]. [The neurologist] specifically stated that the appearance of the [employee’s] *454 two hands was markedly different. The court had an opportunity to visually inspect both of [the employee’s] hands and touch the involved hand to determine what differences were apparent. The court was unable to tell any difference between the two hands.
“11. The court finds that if the [employee] did have [RSD], brachial plexopa-thy, or double entrapment, same were not diagnosed by any of the three doctors who initially treated the [employee].”
As indicated above, our review of the record clearly reveals that there exists legal evidence to support the findings of the trial court and that such evidence supports the judgment of the trial court.
Therefore, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.