RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
Joan L. Nagem (employee) filed a complaint against Russell County, Alabama, and the members of its county commission (employer). In this complaint, the employee alleged that on May 19, 1992, while working in the Russell County tag office, she tripped over a box of metal vehicle tags and fell. She further alleged that she suffered injuries to her left hip and back as a result of the fall. The employee requested that the trial court issue a judgment against the employer for workmen’s compensation benefits.
The employer filed an answer, wherein it alleged that the claim was barred because the employee failed to notify the employer of the claimed injury, as required by Ala.Code 1975, § 25-5-78.
A hearing was held and the trial court issued an order, wherein it found that the employee had not met her burden of establishing that she gave notice or that the employer received notice as required by § 25-5-78.
The employee appeals.
On appeal the employee contends that the trial court’s determination that she failed to give notice of her claimed injury is not supported by “any reasonable evidence.”
We note that there is a two-step standard of review in workmen’s compensation *898 cases. First, this court must determine whether there is any legal evidence to support the finding of the trial court. If this court determines that such evidence exists, then we must ascertain whether the judgment of the trial court is supported by any reasonable view of that evidence. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). In Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993), our supreme court stated the following: “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.”
In order to reach a determination in a workmen’s compensation case, the trial court may consider and interpret to its own best judgment all the evidence presented at the hearing, as well as its own observations of the witnesses. Armstrong v. Lewis & Associates Construction Co., 469 So.2d 605 (Ala.Civ.App.1984).
Our review of the record reveals the following pertinent facts: The employee was employed as the license commissioner at the Russell County tag office. On May 19, 1992, the employee tripped over a box of metal tags and fell onto her left side. The employee testified that Sha Foster, her assistant, said that she had advised Paulette Colbert of the employee’s fall. Colbert was the payroll clerk for the Russell County Commission, and her duties included the completion of the employer’s first report of injury form.
The employee also testified that she remembers talking to Mrs. Wilson, one of the county commissioners, regarding her fall. However, she did not relate the substance of the conversation, and she testified that the conversation took place when she started hurting so bad. The employee admitted that one did not report work-related injuries to the commissioners.
In addition, we would note that the employee had suffered three previous work-related injuries while employed by Russell County. Consequently, she should have been aware of the procedure to follow in order to notify her employer of a work-related injury.
Sha Foster, who has been terminated from her position with Russell County, testified that she called Colbert on the day that the employee fell. Foster stated that she told Colbert what had happened and that Colbert inquired as to whether the fall was serious and whether an ambulance or any other assistance was needed. Foster testified that when the employee declined the offer of an ambulance, she relayed this information to Colbert and that this conversation was the only time that she discussed the incident with Colbert.
Colbert testified that neither the employee nor any of her coworkers reported the May 19, 1992, incident to her and that she does not recall receiving a telephone call from Foster regarding the incident. She also testified that if anyone had reported the incident to her, she would have obtained the necessary information from the individual reporting the incident in order to complete the employer’s first report of injury form. We would note that while there were completed forms for the three prior work-related injuries suffered by the employee, there was no form for the May 19, 1992, incident.
The employee was involved in a serious automobile accident in June 1987, wherein she received numerous injuries. One of her injuries was a fractured left hip, which required surgery and a partial hip replacement. She was treated by Dr. John Waldrop, an orthopedic surgeon, for the injuries received in the automobile accident. Although the employee recovered from the injuries incurred in the automobile accident and returned to work in the tag office, she required follow-up treatment with Dr. Waldrop for her injuries.
The employee testified at the hearing that prior to her fall in May 1992, she was experiencing no problems with her left hip. Dr. Waldrop, who testified by deposition, stated that when he saw the employee on November 12, 1991, she was having difficulty with her left hip and pelvis. The doctor conducted tests because he was concerned that the partial hip replacement was loosening. When the tests essentially ruled out loosening of *899 the prosthesis, he saw the employee on November 15, 1991, and prescribed anti-inflammatory medication, with a follow-up visit in three months.
Dr. Waldrop testified that the next time he saw the employee was May 20,1992, that she was “back in with continued pain in her hip,” and that he referred her for a bone scan, which was conducted May 26, 1992. Dr. Waldrop stated that he tries to make a notation in his file if a patient mentions that he or she has recently fallen or otherwise injured himself or herself. However, there is no mention in either the May 20, 1992, office note or the May 27,1992, office note that the employee fell at work on May 19, 1992.
The next time that the employee saw Dr. Waldrop was November 17, 1992. On this date the employee was complaining of difficulty with her left knee as a result of a May 1992 fall at work. This is the first notation of the May 1992 fall in Dr. Waldrop’s files.
In view of the foregoing, there was evidence to support the finding of the trial court. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.