MOORE, Judge,
concurring specially.
I concur in the decision to affirm the judgment of the trial court denying the employee’s claim for permanent-total-disability benefits and awarding the employee compensation on the basis of a 50% permanent partial disability. The determinations as to the percentage of disability and the percentage of loss of ability to earn are for the trial court, which has much discretion in that regard. Alverson v. Fontaine Fifth Wheel Co., 586 So.2d 216, 217 (Ala.Civ.App.1991). In reaching its decision, the trial court is not bound by the opinions of expert witnesses, even if their testimony is uncontroverted. Rogers v. Chrysler Motors Corp., 587 So.2d 367, 370 (Ala.Civ.App.1991).
I write specially to add that it appears to me that, as a matter of law, the trial court could not have awarded permanent-total-disability benefits in this case. The trial court did not make any finding of fact that the injury to the employee’s knee extended to any other part of his body. Even if we were to find that the court impliedly made such a finding, that finding could not be sustained on appeal because the undisputed evidence in this case showed that the employee permanently lost partial use of his right leg due to an injury to his right knee and that that injury did not extend to any other part of the employee’s body. Pursuant to Ex parte Dmmmond Co., 837 So.2d 831 (Ala. 2002), the trial court could only have concluded that the exclusive remedy for the employee’s disability rested in §§ 25-5-57(a)(3)a.l6. and 25-5-57(a)(3)d., Ala.Code 1975, which together provide for weekly benefits for a percentage of 200 weeks for *1239 a permanent partial loss of use of a leg. Hence, the trial court certainly did not err in failing to award benefits pursuant to § 25-5-57(a)(4), Ala.Code 1975, as asserted by the employee.
I write further to address the employee’s contention that a trial court is bound by the direct testimony of the employee’s witnesses when the employer fails to present any witnesses to rebut the testimony of the employee’s witnesses. Although it is true that a trial court is not free to ignore undisputed evidence, Easterly v. Beaulieu of America, Inc., 717 So.2d 406 (Ala.Civ.App.1998), the law does not consider evidence to be “undisputed” simply because another witness fails to directly contradict such evidence. Devan Lowe, Inc. v. Stephens, 842 So.2d 703 (Ala.Civ.App.2002). Rather, a trial court may decide that the testimony of a witness should be given little or no weight after cross-examination, based on its observations of the witness, in view of the totality of the evidence (including the exhibits introduced at trial), or for some other equally good reason. In any of those instances, the trial court, as the fact-finder, would not be bound by the direct testimony of a witness even in the absence of direct contradiction by another witness.
In this case, utilizing what I would consider the best practice, the trial court explicitly set out its reasons for discounting the testimony of the employee, the employee’s treating physician, and the employee’s vocational expert, all of whom testified that the employee could no longer work. Based on the detailed findings of fact set out in the trial court’s judgment, I cannot agree that the trial court ignored the direct testimony of the employee’s witnesses; rather, I conclude that the trial court fully considered that testimony along with the other evidence when assessing the disability of the employee, which is the trial court’s proper function as the fact-finder. See, e.g., Fowler v. Employers Choice, 658 So.2d 452 (Ala.Civ.App.1994) (trial court properly rejected the treating physician’s diagnosis of reflex sympathetic disorder based on its own observations of the employee’s alleged affected extremity). I find no error in either the manner in which the trial court reached its decision to reject the testimony regarding the employee’s alleged inability to work or the ultimate factual conclusion it reached in this regard.