MOORE, Judge.
This case concerns the issue whether an employee may recover benefits from his or her employer under Article 4 (“the occupational-disease article”), Ala.Code 1975, § 25-5-110 et seq., of the Alabama Workers’ Compensation Act (“the Act”), Ala. Code 1975, § 25-5-1 et seq., for post-traumatic stress disorder caused by purely nonphysical stimuli.
Robert Cocking (“the employee”) worked for 25 years as a firefighter for the City of Montgomery (“the employer”). His job duties including responding to emergency situations imperiling the life and health of citizens within the employer’s jurisdiction. On October 14, 2008, the employee filed a complaint in the Montgomery Circuit Court (“the trial court”) alleging that he had contracted “the occupational disease of post traumatic stress disorder” due to “multiple incidents occurring on the job.” The employee attested in responses to interrogatories propounded by the employer that his condition resulted from “continuous exposure to stressful, life threatening trauma and death to members of the community,” most particularly an occasion on October 3, 2005, on which he failed to revive a two-and-a-half-year-old infant who had been suffocated and an event on June 29, 2008, in which a 52-year-old woman died while he was administering CPR to her. In his complaint, the employee averred that the employer had failed or refused to pay him any benefits on account of his contraction of the disorder and the disablement resulting therefrom.
After the employer filed an answer and the parties participated in a period of discovery, the employer filed a motion for a summary judgment on June 9, 2009. In that motion, the employer argued solely that the claim was not compensable because the employee’s post-traumatic stress disorder resulted from purely nonphysical stimuli. The employer maintained that mental disorders that are not proximately caused by a physical injury to the body fall outside the scope of the coverage of the occupational-disease article of the Act. The employee filed a brief opposing the summary-judgment motion. In that brief, the employee conceded, as he did at oral argument before this court, that his post-traumatic stress disorder did not result from a physical injury to his body. The employee offered medical evidence indicating that his disorder resulted exclusively from emotionally traumatic events that the employee had experienced as a firefighter. However, the employee maintained that purely mental diseases are compensable under the plain language of the occupational-disease article of the Act. The trial court entered a summary judgment for the employer on September 22, 2009. The employee timely appealed to this court, which held oral argument on the case on February 8, 2010.
The issue whether the occupational-disease article of the Act covers purely mental disorders has twice been before this court — in Herchenhahn v. Amoco Chemical Co., 688 So.2d 847 (Ala.Civ.App.1997), and in Couch v. City of Rainbow City, 910 So.2d 772 (Ala.Civ.App.2004). In both of those cases, the respective trial court entered a summary judgment against the worker on the ground that the occupational-disease article of the Act does not cover mental disorders arising solely from nonphysical stimuli. See Herchenhahn, 688 So.2d at 848; and Couch, 910 So.2d at 773. In Herchenhahn, this court affirmed the *649 summary judgment on a different ground. This court determined that Herchenhahn’s occupational-disease claim failed because he had not proven legal causation, i.e., that the job duties of a computer-systems administrator had exposed Herchenhahn to a peculiar risk of harassment. 688 So.2d at 848-50. In Couch, the entire court appeared to agree that a physical injury is a necessary component of a claim seeking compensation for a mental disorder under the occupational-disease article of the Act, 910 So.2d at 775, but the majority of the court focused its decision to affirm the summary judgment based on the failure of Couch to produce substantial evidence indicating that her job as a police dispatcher had exposed her to a peculiar hazard of acquiring an emotional disease resulting from the death of coworkers. 910 So.2d at 776. In special writings concurring in the result in Couch, Presiding Judge Crawley and Judge Murdock stated that the summary judgment should have been affirmed based on the absence of a physical injury. 910 So.2d at 777-80. Hence, the law remains unclear whether the mere absence of a physical injury necessarily defeats a claim for benefits under the occupational-disease article of the Act.
That question confronts this court in this case in the posture of an appeal from a summary judgment. In such appeals, this court reviews the judgment de novo, applying the same standard as was applied in the trial court. Barrett v. Lee Brass Co., 883 So.2d 227, 228 (Ala.Civ.App.2003). A motion for a summary judgment is due to be granted when no genuine issue of material fact exists and the movant is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. In this case, at least for the purposes of the summary-judgment motion, the parties agree as to the essential facts. Thus, the only question for this court to decide is whether the employer is entitled to a judgment as a matter of law.
We begin our analysis with an acknowledgment that the occupational-disease article does not expressly exclude purely mental disorders from coverage. The Act defines an “occupational disease” as:
“[a] disease arising out of and in the course of employment, including occupational pneumoconiosis and occupational exposure to radiation as defined in subdivisions (2) and (3), respectively, of this section, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease, including, but not limited to, loss of hearing due to noise, shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment.”
Ala.Code 1975, § 25-5-110(1). Nothing in that statutory definition states that a mental disease that otherwise meets the criteria for an occupational disease will not be covered in the absence of a physical injury.
However, Ala.Code 1975, § 25-5-111, states that “the disablement or death of an employee caused by the contraction of an occupational disease, as defined in Section 25-5-110, shall be treated as an injury by accident .... ” (Emphasis added.) At the time the occupational-disease article was adopted in 1971, see Act No. 668, Ala. Acts 1971, and still today, the term “accident” was and is statutorily defined as requiring “injury to the physical structure of the body....” See Title 26, § 262, Ala.Code 1940 (Recomp. 1958), and Ala.Code 1975, § 25-5-1(7). That plain language indi *650 cates that, in the absence of a physical injury, a mental injury will not be compen-sable. Blansit v. Cornelius & Rush Coal Co., 380 So.2d 854, 855 (Ala.Civ.App.1979) (“It is the duty of the court to ascertain and give effect to the legislative intent as expressed from the words of a statute.”). Therefore, by equating the contraction of an occupational disease with an “injury by accident,” the legislature incorporated that limiting concept into the occupational-disease article.
The legislature removed any doubt as to its intent by subsequently amending the definition of “injury.” In 1992, the legislature amended the definition of “injury” to exclude purely mental injuries. Ala. Acts 1992, Act No. 92-537, § 2, p. 1082. The Act now provides:
“ ‘Injury and personal injury shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except for an occupational disease or where it results naturally and unavoidably from the accident.... Injury does not include a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body.”
Ala.Code 1975, § 25-5-1(9). Within the same paragraph, the legislature simultaneously acknowledges that the Act covers occupational diseases and excludes purely mental disorders or mental injuries. The juxtaposition of those provisions indicates the legislative understanding that the general coverage of occupational diseases does not extend specifically to purely mental diseases.
The legislature has further declared that the definitions of “accident” and “injury,” as set out above, apply “[tjhroughout this chapter, ... unless the context ... clearly indicate^] a different meaning in the connection used.” Ala.Code 1975, § 25-5-1. Reading the various provisions of the Act in pari materia, see USX Corp. v. Bradley, 881 So.2d 421, 426 (Ala.Civ.App.2003), unless the context clearly indicates otherwise, the language of § 25-5-111 indicates that an occupational disease does not include a mental disorder resulting from exclusively nonphysical stimuli.
The context of § 25-5-111 does not clearly indicate that the legislature intended a different meaning for “injury by accident” than that prevailing throughout the remainder of the Act. No language in the occupational-disease article evinces a legislative intention to include purely mental diseases within the scope of its coverage. In fact, the act adopting the occupational-disease statute, Ala. Acts 1971, Act No. 668, in listing examples of compensable occupational diseases, refers solely to physical diseases, such as occupational pneumoconiosis and loss of hearing. See Ala.Code 1975, § 25-5-110. The ejusdem generis rule of statutory construction provides that when general words or phrases follow or precede a specific list of classes of persons or things, the general word or phrase is interpreted to be of the same nature or class as those named in the specific list. Ex parte Mitchell, 989 So.2d 1083, 1091 (Ala.2008). By mentioning only physical diseases, the legislature indicated its understanding, at the time it adopted the occupational-disease article, that mental diseases would not be covered.
In summary, we believe the legislature intended by the terms employed in § 25-5-111 to treat occupational diseases similarly to injuries by accident by requiring an injury to the physical structure of the body. In accidental-injury cases, in order for a worker to recover for a psychological disorder, the worker must have suffered a physical injury and that physical injury must have proximately caused the psychological disorder. Ex parte *651 Vongsouvanh, 795 So.2d 625, 628 (Ala.2000). We hold that a worker must present the same evidence in order to recover benefits for a mental disease under the occupational-disease article. Because it is undisputed that the employee relates his post-traumatic stress disorder exclusively to emotional trauma, and not to any physical injury, arising out of and in the course of his employment, the trial court did not err in entering a summary judgment for the employer.
AFFIRMED.
PITTMAN and THOMAS, JJ„ concur.
THOMPSON, P.J., concurs in the result, with writing.
BRYAN, J., recuses himself.